The plaintiff had, by the County Court of Hertford, been appointed guardian of some minor children. Subsequently, he removed into Virginia, near the line, and took with him a part of the slaves belonging to his wards, and kept them in his own service and hired out the remainder in this State, and duly made his returns to court. Upon these facts and without any notice to the plaintiff, the County Court of Hertford removed him from his guardianship and appointed the defendant in his place. This was at the November Term, 1848. The order of the removal is in the following terms: "It appearing to the court that Henry Cooke, guardian, etc., hath removed out of the State, and without the order of this court, certain slaves, the property of his said wards, on motion it is ordered by the court that said Henry Cooke be removed from his said guardianship." At the same term the defendant, Beale, was appointed and gave the necessary bonds. An application was subsequently made by Cooke, the plaintiff, to remove Beale, the defendant, *Page 38 
upon the ground that the former had been improperly removed, and to appoint him (Cooke), which was accordingly done. Beale appealed to the Superior Court, where the order of the County Court was affirmed, and the defendant appealed to this Court.
The power of the county courts within this State, in appointing and removing the guardians of minor children within their respective counties, is full and complete, under the act of 1836, ch. 54, secs. 2 and 18. By the latter section a discretionary power is given to remove when, in their opinion, the guardian mismanages the estate of his ward. This power, however, is not without its limits and bounds — it is not an arbitrary one, to be used to the oppression and wrong of the citizen, but to be used for the protection of minors and their estates. This Court has no right to interfere in the exercise of a purely discretionary power by an inferior tribunal, unless brought under (38) review by an appeal. But when it appears from the record that they have committed an error in law and exercised a power not granted to them, the court will interfere and correct the evil. In the act of 1836 there is no express limitation of the power of the County Court, but a limitation necessarily arises out of the nature of the appointment, and the duties to be performed by the court, in seeing that justice is done to the minors. By section 2 the power to appoint is given and also the right "to take cognizance of all matters concerning orphans and their estates." Various regulations are made as to the manner in which guardians shall manage the estates of their wards, renew their bonds, and make their annual settlements. And all these regulations it is the duty of the court to enforce. This obligation implies that the person appointed should be, at the time of his appointment, within the control of the court — that is, within the reach of its process. For by section 7 it is made the duty of the clerk of the court in which the appointment is made to issue ex officio a notice to every guardian who neglects to renew his bond as required by law, in whatsoever county he may reside," etc. If the court may appoint an individual a guardian, who is not a resident of the State, how will it be in their power to discharge their duties or see that he executes his? If after making the appointment they leave the State, where is the limit? A man living in Vermont or Minnesota would be as legally eligible as one residing in Virginia, South Carolina or Georgia. From the nature of the trust, then, we conclude that a just construction of the act of 1836 requires that a person appointed to the guardianship of an orphan must be a resident of the State. When Mr. Cooke was appointed he did reside within the State, and it was therefore a proper appointment. *Page 39 
But the same reasons which require a residence to receive, requires a residence to continue, the guardianship. And in removing him the court was performing a duty and obeying the law. The only objection is that no notice (39) was given to him. Was that requisite? We think not. We are of opinion that by the very act of removing, with a view to a permanent residence out of the State, he waived the necessity of a notice and authorized the court to act without it. If in such case a formal notice was necessary, much injury might result to the orphans. The act of 1836 evidently proceeds upon the ground that cases might occur requiring prompt action on the part of the court. By section 18 they are authorized to act upon their own information as well as upon the information of others. And when, as in this case, the fact upon which the conclusion of law is bottomed is not controverted, but admitted, the necessity of a notice is taken away. But Mr. Cooke not only removed himself, but took with him a part of the slaves of his wards. Now, if a part, he might carry the whole, and if he could carry the slaves to Virginia, he could carry them to Ohio or Indiana or anywhere else where slavery is not permitted. It is no answer to say that he has given bond for the security of the property, and that his sureties will have to make good any loss the wards may sustain. So they are, and equally so are they bound, if he does not make his annual returns, or renew his bonds, or in any manner mismanages the estate; yet for all or any of these omissions on his part the court may remove him. But further, it is the duty of the court to see that the property itself is safe, and that it shall not be carried beyond their jurisdiction. The court, then, acted right in removing Mr. Cooke from the guardianship, and, of course, were at liberty to appoint Mr. Beale or any other person who in their opinion was qualified to receive it. The object of the action of the court, under the proceedings we are now considering, is to declare the appointment of Mr. Beale to the guardianship to be void because there was already a regular guardian — in other words, to declare Mr. Cooke still the guardian. We have already (40) said the appointment of Mr. Beale was not void, but legal. Upon the order of the County Court repealing the order appointing the defendant guardian, he appealed, and his Honor before whom it was heard held and so adjudged that the order removing Cooke from the guardianship was not void for want of notice to him, but that he had been removed without sufficient cause. Where a party has right of appeal and exercises it, the appellate court is at liberty and is bound to look to all the circumstances contained in the case; and here, we are of *Page 40 
opinion there was sufficient ground for removing Cooke. It follows that the appointment of Beale was proper, as it is admitted he was a suitable person to be appointed.
There was error in the judgment of the Superior Court, which is therefore reversed and judgment rendered for the defendant Beale.