MINNIE MOORE by her next friend J. S. Carr v. W. F. ASKEW.

*Guardian and Ward—Investments—Appeal.*

A ward is entitled to demand of her guardian an annual statement of the manner and nature of his investments of her estate; and the rejection, by the probate court, of such a demand, is the denial of a substantial right, which entitles the ward to an appeal.

SPECIAL PROCEEDING heard an appeal at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

This is a proceeding commenced before the probate judge of Wake county, in which the plaintiff by her next friend, asks that the defendant, her guardian, may be required to disclose the manner in which he has invested her estate and the nature of the securities taken therefor.

The proceeding began with a motion on the part of plaintiff based on a proper affidavit, to compel the defendant to give additional securities upon his guardian bond. Notice of this motion was served on the defendant and made returnable on the 6th of March, 1879, on which day the matter was continued by the consent of the counsel of both parties to the 14th day of March, the plaintiff at the same time asking that the defendant might be required not only to give the additional security, but to make a state-

ment on oath as to the manner and nature of the investments made of her estate. Notice of this last motion was issued returnable on the 14th, and service thereof accepted by defendant's counsel. The defendant afterwards gave the additional security, and in return to the other motion filed an account in which he charged himself with a balance reported in a former return and the interest subsequently accrued thereon, and took credit for the amounts since then expended, without disclosing the nature of his investments. The plaintiff excepted to the account returned as being an insufficient answer to the rule upon defendant, but the probate judge held it to be sufficient and discharged the rule, and thereupon the plaintiff appealed to the superior court.

Upon the hearing in the superior court the defendant's counsel moved to dismiss the plaintiff's appeal upon the ground that it had been improvidently granted and without the authority of law. He also moved the court to dismiss the case, and not to proceed further therein on the ground that the matter was not embraced in the action, the same having been brought merely to compel the defendant to give additional security, and that it was not properly before the court as a part of said action.

The court overruled both of the defendant's motions, whereupon he appealed to this court.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. G. V. Strong* and *A. M. Lewis & Son,* for defendant.

RUFFIN, J. The exceptions taken here by defendant's counsel being the same taken in the court below, are,

1. That the refusal of the probate judge to require the defendant to disclose the nature of the investments made of her estate did not affect any "substantial right" of the plaintiff, and could not therefore be the subject of an appeal.

2. That this motion of the plaintiff having been improperly interpolated into her other motion asking for additional security from her guardian, did not constitute any part of the proceeding, and was not rightfully before the court.

If satisfied that the defendant's first exception was well grounded, our first duty would be to inquire into its effect upon his own appeal, since if it be true that the refusal of the probate court to allow the plaintiff's motion affected her rights so immaterially and unsubstantially as not to afford her sufficient ground for an appeal, it might be difficult to understand how an order, though a contrary one, of the superior court touching exactly the same subject matter, could confer such right on him. But we do not trouble about this, because we are decidedly of the opinion that the right of appeal from the refusal of the probate court to allow her motion lay on the plaintiff, and that the superior court did right in entertaining it.

With a view to securing the ward's estate, every guardian is required, before entering upon his office to give a bond, one of the conditions of which is that he shall obey all lawful orders of the probate court, and within twelve months after qualification, and annually thereafter, to file with the probate judge an inventory under oath, of the amount of property received and invested by him, with *a statement of the manner and nature of such investments.* Bat. Rev., ch. 53, § § 11 and 55.

As a further precaution, the probate judge has full power given him to take cognizance from time to time of *all* matters concerning orphans or their estates, and upon complaint made, to *make any order or rule necessary for the better ordering or securing of their estates.* § § 4 and 20, same chapter.

The power thus conferred upon that officer by express statute is exactly the same, with the exception of the power to sell or convert the estate of the ward, with that which the court of chancery has always exercised in the case of

wards in chancery, and by force of which it has wielded a superintending jurisdiction over guardians. The guardianship is there treated merely as a delegated trust, and the sanction or direction of the court is needed for every act which could affect the ward or his estate. We are not prepared to say that our probate court may now do all that the court of chancery assumed to do in the interest of its wards, but it is certainly true, that it has a much wider jurisdiction and more extensive powers than the county courts possessed under the old system, and that it performs many of the functions of a court of equity. So that in the absence of express statutory authority, we should be disposed to hold it to be within the range both of the *power* and *duty* of the probate judge to require every guardian within his jurisdiction to set forth in his returns not only the amount of his ward's estate, but how, and with whom invested. We can conceive of no other means by which he can with certainty acquire that information in regard to the condition of the fund, and the conduct of the guardian, which is necessary to enable him to perform understandingly many of the duties imposed upon him by law.

But the statute is express, and in so many words makes it the guardian's duty to include in his annual returns a statement of " the manner and nature of his investments " of the ward's funds, and by an implication equally as strong as a positive command, imposes an obligation on the probate judge to see that the same is done.

It might have been sufficient simply to have referred to the plain letter of the law, but we deemed it best to give some prominence to the matter in order that guardians generally and the judges of our probate courts might understand that the law attaches importance to this duty and will not tolerate its neglect.

There is no trust known to the law which so urgently calls for *good faith*, as that which subsists between the guar-

dian and his ward, and no higher evidence can be offered of that good faith than perfect candor, full information, and minute detailed accounts.

As to the defendant's other exception, we confess, we do not see the point of it. The plaintiff was entitled to have both of her motions considered and passed upon by the judge of probate, and had given full notice to the defendant of her purpose to do so. Indeed the day was fixed for the hearing of both with the written consent of his counsel, and surely it cannot involve any legal principle whether they were made and heard together, or made and heard separately.

There is no error in the judgment of the court below. Let the case be remanded to the superior court of Wake county and this opinion certified.

No error. Affirmed.