THE STATE OF NORTH CAROLINA, UPON THE RELATION OF G. C. ADAMS, v. VIOLA LEE ADAMS, GUARDIAN, ET AL.,

and

THE STATE OF NORTH CAROLINA, UPON THE RELATION OF MINNIE FERRELL BROWNING ET AL., v. VIOLA LEE ADAMS, GUARDIAN, ET AL.,

and

THE STATE OF NORTH CAROLINA, UPON THE RELATION OF EDITH PEARL ADAMS, v. VIOLA LEE ADAMS, GUARDIAN, ET AL.

(Filed 3 November, 1937.)

1. **Guardian and Ward § 23—Surety on bond of original guardian is not liable for default of successor guardian.**

While the sureties on successive bonds of a guardian are jointly and severally liable for default of the guardian, where a guardian dies and his administratrix takes over funds in his hands belonging to the wards' estate, and the administratrix is appointed successor guardian and files bond, the surety on the bond of the original guardian is not liable for default of the successor guardian, and where the pleadings fail to allege default on the part of the original guardian, the demurrer of the surety on his bond should be sustained, and the contention that since both bonds were given to insure faithful administration of but one estate, the sureties on both bonds are liable for impairment of the estate by wrongful act of either guardian, is untenable.

**2. Clerks of Court § 6—**

> Where it appears that one of the minor children of a deceased person was not made a party plaintiff in an action to recover on the bond of their guardian, it is the duty of the clerk, as probate judge, to take such action as is necessary to protect the interest of such infant.

APPEAL by defendant Massachusetts Bonding & Insurance Company from *Harris, J.,* at the April Term, 1937, of JOHNSTON.

The above three actions are identical in character with the exception of the names of the respective plaintiffs, and were instituted for the same purpose, viz.: To compel an accounting for the funds belonging to said plaintiffs as minor children of Jesse A. Adams, deceased, and for whom J. B. Adams first qualified as guardian. The three actions were consolidated and referred by consent to D. H. Bland, Esq., who reported his findings of fact and conclusions of law to the Superior Court.

J. B. Adams qualified as guardian for the infant plaintiffs, children of Jesse A. Adams, deceased, on 23 November, 1923, giving bond with personal sureties. Later, on 1 September, 1930, said guardian entered into bond in the sum of $3,000, with Massachusetts Bonding & Insurance Company as surety. This guardian filed a number of reports, the last of which was filed 26 August, 1930. This account showed that he then had a balance in hand belonging to his said trust in the sum of $1,089.89.

J. B. Adams died intestate on 4 March, 1931. Viola Lee Adams, his widow, was appointed and qualified as administratrix of his estate, and thereafter, on 30 April, 1931, likewise was appointed and qualified as guardian of the infants herein referred to, giving bond in the sum of $2,000, with the Employers' Liability Assurance Corporation as surety. On 14 December, 1931, Viola Lee Adams filed a final account as administratrix of J. B. Adams, guardian, purporting to close up and settle the trust account of said deceased guardian. This account showed a balance due the wards in the sum of $1,348.81. Thereafter on 26 January, 1933, Viola Lee Adams, as guardian for said infants, filed an account in the office of the clerk of the Superior Court of Johnston County, wherein she acknowledged a balance on hand belonging to said wards in the sum of $1,483.77. Demand was made upon Viola Lee Adams, guardian, for an accounting, and upon her failure to account, after certain proceedings before the clerk, these actions were instituted.

The referee reported his conclusion of law, among others, that the demurrer *ore tenus* interposed by the Massachusetts Bonding & Insurance Company should be sustained, and so recommended. Upon appeal, this conclusion of law, among others duly excepted to by the appellees, was overruled, and judgment was entered against all the defendants, and the defendant Massachusetts Bonding & Insurance Company excepted and appealed.

ADAMS *v.* ADAMS and BROWNING *v.* ADAMS.

*Winfield H. Lyon for plaintiffs, appellees.*

*A. J. Fletcher for Massachusetts Bonding & Insurance Company, defendant, appellant.*

*Abell & Shepard for Employers' Liability Assurance Corporation, defendant, appellee.*

BARNHILL, J. If the complaints fail to state a cause of action against the Massachusetts Bonding & Insurance Company the other exceptions presented on this appeal become immaterial.

An examination of the complaints discloses that there is no breach of its bond by the Massachusetts Bonding & Insurance Company charged or alleged. The language most nearly approximating an allegation to this effect is as follows: "14. As plaintiff is advised, informed and believes, the guardianship estate belonging to this plaintiff, and the other wards named, which was in the hands of the said J. B. Adams, guardian as aforesaid, at the time of his death, came into the hands of Mrs. Viola Lee Adams, the administratrix upon his estate, and thereafter, upon her petition for guardianship of the estate of this plaintiff and the other wards named, she was duly appointed, and she regularly qualified and entered upon the discharge of her duties as such on 30 April, 1931." In a subsequent paragraph the complaints alleged that demand was made upon the successor guardian, Viola Lee Adams, and that she has failed to account. Paragraph 14 of the complaint, when construed in connection with the other allegations, more nearly constitutes an allegation of full compliance than a breach, and the judgment overruling the demurrer *ore tenus* was erroneous.

But it is contended that the bond of the Massachusetts Bonding & Insurance Company and the bond of the Employers' Liability Assurance Corporation were executed to assure the faithful administration of one estate and are cumulative; that being cumulative, default on the part of either guardian would impose liability upon both bonds.

A guardian occupies a position of trust which exists during the nonage of his ward, unless sooner terminated by death, resignation or removal. Where he has given successive bonds with different sureties, the sureties are jointly and severally liable, and upon default of the guardian they are liable to contribution among themselves proportionate to the amount of their respective bonds. *Thornton v. Barbour,* 204 N. C., 583, and cases therein cited. When, however, the term of the guardian for whom the bond is written ends, the liability of the bond ceases. The surety for a guardian is in nowise liable for the default or miscarriage of a successor guardian, nor is the surety for a successor guardian in anywise chargeable with the maladministration of the original guardian. Each term stands upon its own bottom. *Thornton v. Barbour, supra.*

The contention that in any event the default of the successor guardian imposed liability upon the appealing defendant, surety for the original guardian, on the theory that the two bonds were given to assure the faithful administration of the same estate, cannot be sustained.

It appears from the record that one of the infant children of Jesse A. Adams, deceased, is not a party plaintiff. It is the duty of the clerk, as probate judge, to take such action as may be necessary to protect the interest of this infant.

The judgment below, in so far as it affects the Massachusetts Bonding & Insurance Company, is

Reversed.