Nash, 'C. J.
 

 The bill is filed by a mortgagee to foreclose an equity of redemption, or for the sale of the premises. The state
 
 *195
 
 ments of the bill and those of the answer show a clear original right to the relief sought. The answer, however, insists upon the length of time which elapsed since the execution of the mortgage deed, and also upon the alleged drunkenness of the mortgagor at the time of the execution of the mortgage deed. If this latter defence had been so 'stated in the answer as to amount to a defence, it. is entirely unsupported by any proof. As to the first, it cannot avail the defendant. The bond given to secure the money mentioned in the mortgage did not fall due until 1843, and the bill was filed in 1846.
 

 The principal defence relied on however, is the alleged want of parties. It is insisted that the personal representative of Richard Ward ought to be a party. The answer is, there is no relief prayed against the personal estate. The prayer is for a'foreclosure in the ordinary way, but the plaintiff submits to a sale of the land itself, if the Court thinks proper so to decree. In a case of mortgage, in discharging the debt, the most convenient course for both parties is primarily to have the land itself sold, giving to the debtor any surplus that may remain ; and this rule is acted upon in this State.
 
 Ingram
 
 v. 6 Ire. Eq. 97. - And in most of the States of the Union, where the aid of a Court of Equity is asked, and even in England where the rule docs not exist, there are some cases in which its propriety is recognized ; as where the mortgage is of land, and which by the local law is subject to sale. Story’s Eq. s. 1025, 1026. Cook on Mortgages, 521. In this State, the personal representative of the mortgagor may be made a party, but is not a necessary one.
 
 Worthington.
 
 v.
 
 Lee,
 
 2 Bland 684. The land mortgaged is primarily liable to pay the mortgaged debt, and the personal property of the deceased is liable to the heir in exoneration of it. Adams 585. There must be a decree for the sale of the land in question, and the case is referred to the Master to ascertain what is due in principal and interest upon the bond of the 25th of August, 1823.
 

 Per Curiam. Decree accordingly.