T. A. McNEILL et als. v. D. D. McBRYDE et als.

*Subjecting Land of Deceased Surety on Guardian Bond to Payment of Ward's Debt—Practice—Parties—Joinder—Petition to Sell Lands for Assets, requisites of.*

1. Where, in an action to subject the land of a deceased surety on a guardian bond to the payment of ward's debt, the amount of damages arising from a breach of the bond is alleged in the complaint and admitted in the demurrer, an objection that judgment has not first been obtained on the guardian bond is untenable.

2. In such case a ward can maintain the action in his own name, and the joinder of the State is a mere matter of surplusage, and not a misjoinder of different causes of action.

3. A petition to subject lands to sale under section 1437 of *The Code* is defective where it fails to set forth "the value of the personal estate of the intestate and the application thereof," and for such defect it is demurrable.

CIVIL ACTION, heard, on demurrer, before *Winston, J.*, at October Term, 1892, of ROBESON Superior Court.

The defendants appealed from judgment of the Court overruling the demurrer.

The title of the cause was as follows:

" T. A. McNeill and wife, Caroline E. McNeill, in behalf of themselves and all other creditors of the estate of A. S. McKoy, deceased, and State *ex rel.* T. A. McNeill and wife, Caroline E. McNeill, *v.* J. D. Currie, administrator *d. b. n.* of A. S. McKoy, deceased, D. D. McBryde (and others, heirs at law of A. S. McKoy, deceased ").

The complaint alleged in substance:

That at June Term, 1855, of the Court of Pleas and Quarter Sessions of Cumberland County, one J. P. Hodges qualified as guardian of the minor heirs of William T. Smith, deceased, one of whom was the *feme* plaintiff, and gave bond in the penal sum of $50,000, with one A. S. McKoy and Henry Elliott as sureties; that in May, 1878, a proceeding by the plaintiff and other wards of said Hodges was begun before the Clerk of the Superior Court of Cumberland County for a final account and settlement of the guardian estate, and at May Term, 1890, of the Superior Court of said Cumberland County judgment was rendered in favor of the plaintiffs T. A. McNeill and wife, Caroline E., against the said Hodges for $1,694.66, with interest from the 29th May, 1878; that said Hodges is insolvent; that the *feme* plaintiff, ward of said Hodges, attained her majority in 1871, and in 1877 intermarried with the said plaintiff T. A. McNeill; that the said A. S. McKoy, surety on the guardian bond, died in Alabama in 1865 or 1866, leaving as his heirs at law certain of the defendants, and owning certain lands in Robeson county, particularly described in the complaint, and in 1879 one McNair qualified as his administrator, but died July, 1890, and in November of that year the defendant J. D. Currie qualified as administrator *de bonis non;* "that the personal estate of the said A. S. McKoy is wholly insufficient to pay his debts and costs and charges of administration"; that the condi-

tion of the guardian bond was broken by the failure of said Hodges to render a plain and true account, etc., and to pay to the *feme* plaintiff her share of the guardian estate, and that the damages arising from the said breach were the amount of the judgment obtained as aforesaid.

The complaint further alleged that the defendant Currie failed and refused to apply for an order of Court to sell said lands for assets, etc.

The prayers of the complaint were as follows:

"1. That an account may be taken of what is due plaintiffs in respect to said debt due by judgment as aforesaid, and that the following further accounts and inquiries may be taken and made, viz.:

"2. An inquiry as to what real estate the intestate was seized at the time of his death.

"3. That the real estate of the said intestate, or a sufficient part thereof, may be sold under the order of this Court to pay the debts of intestate remaining due and unpaid; an account of the proceeds, rents and profits of said real estate coming into the hands of the defendants, or any of them."

The defendants demurred to the complaint, assigning as grounds—

"1. That there is a misjoinder of causes of action, in that T. A. McNeill and wife, Caroline E., in behalf of themselves and all other creditors of the estate of A. S. McKoy, are joined with State *ex rel.* T. A. McNeill and wife, Caroline E. McNeill, as plaintiffs.

"2. For that the complaint fails to state a cause of action in favor of T. A. McNeill and wife and other creditors of A. S. McKoy and against defendants.

"3. For that it does not appear from complaint that plaintiffs have instituted any action on said bond, ascer-

tained amount of damages incurred by breach of same, and caused judgment therefor to be entered.

"4. That the complaint fails. to show (*a*) what amount or amounts of assets, if any, went into the hands of John McNair, former administrator, and the disposition of the same; (*b*) the amount of debts outstanding against estate of A. S. McKoy; (*c*) the value of the present estate of said McKoy, or the ages and residences of the heirs at law of said McKoy. That this action may be dismissed at cost of plaintiffs."

*Mr. T. A. McNeill,* for plaintiffs.

*Messrs. Rowland & McLean* and *N. W. Ray,* for defendants (appellants).

SHEPHERD, C. J.: The objection that the plaintiff Caroline McNeill cannot subject the land of the intestate until a judgment has been obtained upon the guardian bond executed by him as surety would seem to be sustained by the case of *Williams* v. *McNair,* 98 N. C., 332. But as the amount of damages arising from a breach of the bond is alleged in the complaint and admitted by the demurrer, the present case does not come within the reason of that decision, and the point is therefore untenable.

The amount of damages, then, being admitted, the plaintiff can maintain the present proceeding in her own name, and the joinder of the State is a mere matter of surplusage and not a misjoinder of different causes of action. Being entitled to proceed against the land, she could do so by a proceeding in the nature of a creditor's bill, and the objection upon this ground is also without merit.

We think, however, that the petition is deficient in that it does not comply with section 1437 of *The Code,* which requires that it shall set forth "the value of the personal

estate and the application thereof." It simply states that the personal estate "is wholly insufficient to pay his (intestate's) debts and the costs and charges of administration." The purpose of the statute, in requiring the particulars therein mentioned to be stated in the petition, was to enable the Court to see whether a sale was necessary; but the present allegation wholly fails to give any such information. It is important that the requirements of the statute should be observed, and we must sustain the demurrer upon this ground. *Shields* v. *McDowell*, 82 N. C., 137. In other respects the rulings below are affirmed. The plaintiff may apply for leave to amend in the Superior Court.

The costs of this appeal will be equally divided. *The Code* §527.                                                    Modified.