G. M. GEITNER ET ALS., EXECUTORS OF A. A. SHUFORD, v. EDMUND JONES, TRUSTEE, AND MRS. ANNIE E. HALL.

(Filed 23 May, 1917.)

**Parties—Mortgages—Executors and Administrators.**

> Where suit of foreclosure is brought, with allegation that the mortgagee of the land is dead and that his personal representative has not been made a party, a demurrer for the want of necessary parties is properly sustained. Revisal, sec. 239 (4). Such representative, when only a proper party, may be brought in at the option of either party to the suit.

CIVIL ACTION, tried upon demurrer at November Term, 1916, of CALDWELL, before *Ferguson, J.*

The court sustained the demurrer and dismissed the action. Plaintiffs appealed.

*Squire & Whisnant, B. B. Blackwelder for plaintiffs.*
*W. C. Newland for defendants.*

BROWN, J. The grounds of demurrer are:

1. For that it appears upon the face of the complaint that there is a defect of parties defendant in that the executor or administrator of J. G. Hall, the maker of the note sued on, is a necessary party.

2. In that the complaint fails to state a cause of action. The complaint alleges the making of a note for $300 to plaintiffs' testator by J. G. Hall, and sets out a copy of the note, and that there is due and unpaid on it $333.89. It alleges the execution of a deed in trust by Hall and wife, Annie E. Hall, conveying to Edmund Jones, trustee, certain lands belonging to said wife, and that "the payment of said sum is secured by the deed of trust," and asks for foreclosure.

It is manifest that the complaint states a good cause of action.

A defect of parties is ground of demurrer when apparent on face of the complaint, and it does appear upon the complaint that Hall is dead and that his personal representative is not a party to the action. That the personal representative is a *proper* party and may be brought in at the option of either party is not questioned, but the absence of a *necessary* party is ground of demurrer. Clark Code, sec. 239 (4). Whether he is a necessary party is a question that has been heretofore somewhat confused in the decisions of this Court.

In *Averett v. Ward*, 45 N. C., 195, it is held that the personal representative of a deceased mortgagor is not a necessary party to a bill for foreclosure of a mortgage on land.

In that case the land belonged to Richard Ward, the debtor and mortgagor, and the ground of the decision is that no relief is prayed against the personal estate.

In *Mebane v. Mebane,* 80 N. C., 35, it is held in a case exactly like the one under consideration that "in an action to foreclose a mortgage executed by a *feme covert* and her husband upon her separate estate to secure a debt of the husband, the personal representative of the deceased husband is a necessary party."

In that case *Chief Justice Smith* states that *Averett v. Ward* is not in accord with the authorities, and says:

"So it is declared that when a wife joins her husband in a mortgage of her own estate and the money is applied for the husband's benefit, the personal estate of the husband will be first applied in payment of the mortgage. 1 Greenleaf Cruise, 648. It would seem to be peculiarly appropriate that the personal representative of the only person owing the debt and interested in reducing its amount should be before the court and be bound by its decree, and thus the measure of his liability to the plaintiff, whose property may be sold to pay it, be definitely ascertained and determined."

In *Fraser v. Bean,* 96 N. C., 328, it is held that a mortgagee has a right at once to foreclose the mortgage against the heirs at law of the mortgagor without regard to the right of the heirs to have the debt paid out of the personal property of the mortgagor and that his administrator is not a necessary party in the action to foreclose. The Court cites *Averett v. Ward,* but takes no notice of the later case of *Mebane v. Mebane.* In the *Fraser case,* also, the land belonged to the mortgagor, who contracted the debt.

The point was last before this Court in *McGowan v. Davenport,* 134 N. C., 526, where it is held that "The representative of a deceased mortgagor who joined with his wife in giving a mortgage on the wife's separate property is a necessary party to a suit against the widow and trustee for foreclosure of the mortgage." The identical case at bar. In that case *Mr. Justice Walker* says that *Averett v. Ward, supra,* was practically overruled, and refers to *Fraser v. Bean,* saying that *"Mebane v. Mebane* may yet be sustained upon its peculiar facts, namely, that the wife was but a surety for the husband, and if her property should be taken to pay his debt she would be entitled to recover over against his estate and to have his property first subjected to its payment, etc."

Following this latest precedent, we hold that the personal representative of the husband, J. G. Hall, is a necessary party and that the demurrer was properly sustained.

In view of the doubt about the matter and the apparently conflicting decisions, we will modify the judgment dismissing the action and direct that plaintiffs may now bring in the personal representative of the deceased husband.

Modified and affirmed.

The costs of this Court will be taxed against the plaintiffs.