STATE OF NORTH CAROLINA ON THE RELATION OF LYDA MOSES, BY HER
NEXT FRIEND, MARY GIBSON, v. BERTIE MAE MOSES, GUARDIAN, AND
F. T. MOSES, BONDSMAN.

(Filed 17 May, 1933.)

**Guardian and Ward B a: Clerks of Court C b—Ward may not maintain
action in Superior Court to remove guardian appointed by clerk.**

A ward may not bring an action in the Superior Court by her next
friend to remove her guardian appointed by the clerk, appoint another,
compel an accounting, and to recover damages against the guardian and
the bondsman for breach of the official bond, the Superior Court in such
instance being without jurisdiction, the ward's remedy being to ask for
an accounting before the clerk, and then for cause to ask the clerk to
remove the guardian appointed by him and to appoint another, which
guardian could maintain an action against the former guardian and the
bondsman.

APPEAL by plaintiff from *Finley, J.,* at March Term, 1933, of BURKE.
Affirmed.

This action was instituted to compel the defendants to account for all
moneys received by the guardian of Lyda Moses and applied by her in
the management of the ward's estate, and to pay into court the full
amount received by the guardian less the sum of $15.00; also to remove
the guardian and to appoint another to take charge of the trust funds.
The defendants filed an answer denying material allegations and plead-
ing want of jurisdiction. The trial court dismissed the action and the
plaintiff excepted and appealed.

*D. L. Russell and D. L. Russell, Jr., for plaintiff.*
*S. J. Ervin and S. J. Ervin, Jr., for defendants.*

ADAMS, J. The action was prosecuted in the Superior Court in the
name of the State on the relation of the ward, who sues by her next
friend, against the guardian and the surety on her official bond, the
object being to remove the guardian, to require her to account for the
trust funds, to compel her or her surety to pay into court the amount
received by her in her fiduciary capacity, and to appoint another
guardian to administer the estate. The appeal presents the question
whether the plaintiff, a minor, can maintain an action in the Superior
Court in term to remove her guardian, to appoint another, to compel an
accounting, and to recover damages against the guardian and her surety
for breach of her official bond. The court dismissed the action and we
affirm the judgment.

In addition to the various kinds of guardians formerly recognized in
courts of law there is another known as chancery guardians, or guardians

appointed by courts of equity. Not infrequently these courts exercise a general jurisdiction over the person and estate of infants, the assertion of jurisdiction usually depending upon the necessity of administering equitable principles. In such cases courts of chancery exert broad power in the appointment and removal of guardians, in superintending the management and disposition of estates, and in the protection of infants who cannot protect themselves; but as a general rule the matter of appointing and removing guardians and compelling them to account is remitted by statute to a particular tribunal as, for example, in this State to the clerk of the Superior Court. Madden on Domestic Relations, 461; 1 Schouler, Domestic Relations (6 ed.), sec. 816; C. S., 2150, 2158, 2159, 2183 *et seq.* In this event a ward may not maintain an action at law against his guardian during the existence of the guardianship or against the sureties on the guardian's bond until there has been an accounting. 12 R. C. L., 1148. The reason is stated by Tiffany as follows: "Where a guardian misappropriates his ward's funds, an action at law will not lie at the suit of the ward in *indebitatus assumpsit.* Nor can a bill in equity be brought, although a guardian has assets of the ward in his hands, to charge him for nonpayment of the ward's debts, since there is an adequate remedy at law on the guardian's bond. The relation being that of trustee and *cestui que trust* and not that of debtor and creditor, the guardian is subject to all the liabilities and is entitled to all the benefits incidental to his position, one of which is the right to an opportunity to render his account, and to have the same adjusted by the court." Persons and Domestic Relations (2 ed.), 371, sec. 188.

In this case the guardian was appointed, not by a court of chancery, but by a clerk of the Superior Court pursuant to statute, and was entitled to an "opportunity to render her account" before being subjected to a suit in equity or to an action at law on her official bond. The plaintiff's remedy was, first, to require an accounting by the guardian before the clerk. *Adams v. Quinn,* 74 N. C., 359; *Moore v. Askew,* 85 N. C., 199; *McLean v. Breece,* 113 N. C., 391. Upon default, or for other sufficient cause, the moving party could ask for her removal by the court which made the appointment (*Cooke v. Beale,* 33 N. C., 36); and in the event of her removal and the appointment of another the latter could maintain an action against the former guardian and the sureties on her bond. *Wilson v. Houston,* 76 N. C., 375. We have recently held that in the absence of other matters of which the court has jurisdiction the Superior Court in term has no jurisdiction to appoint an administrator and for this purpose must remand the cause to the clerk. *In re Estate of Styers,* 202 N. C., 715. The principle applies to the appointment of guardians. Judgment

Affirmed.