STATE OF NORTH CAROLINA ex rel. THENIE E. DUNN, Administratrix of G. P. DUNN, Deceased, v. E. R. DUNN, Former Administrator of G. P. DUNN, Deceased, and NEW AMSTERDAM CASUALTY COMPANY.

(Filed 11 April, 1934.)

**Limitation of Actions B a—Right of action against bondsman of former administrator by administrator d. b. n. accrues upon his appointment.**

An administrator *d. b. n.* appointed after the removal or death of the former administrator has a right to sue the bondsman and the former administrator or his personal representative for breach of the statutory bond, and since the cause of action by the administrator *d. b. n.* does not accrue until his appointment, the action by such administrator is not barred as against the bondsman until three years subsequent to his appointment. C. S., 441 (6).

Appeal by the defendant New Amsterdam Casualty Company from *Moore, Special Judge,* at November Term, 1933, of Johnston. Affirmed.

G. P. Dunn died intestate in Johnston County on 23 April, 1926.

On 27 April, 1926, the defendant E. R. Dunn, having first filed bond as required by statute (C. S., 33), was duly appointed and duly qualified as administrator of the said G. P. Dunn, deceased.

On 7 December, 1929, the defendant E. R. Dunn, who had not filed a final account as administrator of G. P. Dunn, deceased, prior to said date, pursuant to an order of the clerk of the Superior Court of Johnston County, filed another bond as administrator of his intestate, in the sum of $6,000, with the defendant New Amsterdam Casualty Company as surety.

On 1 August, 1932, the defendant E. R. Dunn, who had not filed a final account as administrator of G. P. Dunn deceased prior to said date, was removed by the clerk as administrator of his intestate.

On 8 October, 1932, the plaintiff was duly appointed and duly qualified as administratrix *d. b. n.* of G. P. Dunn, deceased.

This action was begun by the plaintiff on 22 October, 1932, to recover of the defendant E. R. Dunn, former administrator of her intestate, and of the defendant New Amsterdam Casualty Company, surety on his bond, the amount due to the plaintiff by the said E. R. Dunn as former administrator of his intestate.

The action was referred to a referee for trial and was heard on exceptions to his report. The exceptions were overruled, and the defendant, New Amsterdam Casualty Company, appealed from the judgment that plaintiff recover of the defendants the sum of $6,000, to be discharged upon the payment to the plaintiff by the defendants of the sum of $3,639.32, with interest from 27 April, 1928, and the costs of this action.

*Lee & Lee for plaintiff.*
*James D. Parker and V. F. Williams for defendants.*

CONNOR, J. It is well settled as the law in this State that where an administrator, who has not fully administered the estate of his intestate, has died or has been removed from his office, an action may be maintained against his personal representative or against him, as the case may be, and the surety on his bond, to recover the amount due by him to the estate of his intestate, by one who has been duly appointed and has duly qualified as administrator *d. b. n.* of his intestate. *Tulburt v. Hollar,* 102 N. C., 406, 9 S. E., 430. The failure to account for and to pay such amount is a breach of the statutory bond, C. S., 33.

In such case, the cause of action accrues to the plaintiff upon his qualifications as administrator *d. b. n.* of the deceased, and arises as against both the former administrator and his surety upon a breach of his official bond. The action is, therefore, not barred as to the surety until the lapse of three years from the date of the qualification of the plaintiff as administrator *d. b. n.* of the deceased. C. S., 441(6).

There is no error in the judgment in the instant case, overruling the exception to the referee's conclusion of law that this action is not barred by the three-year statute of limitation as against the surety. The judgment is

Affirmed.