STATE OF NORTH CAROLINA EX REL. G. DUDLEY HUMPHREY, GUARDIAN OF ERNEST T. WATERS, AN INCOMPETENT, v. AMERICAN SURETY COMPANY AND UNITED STATES FIDELITY & GUARANTY COMPANY.

(Filed 25 May, 1938.)

**1. Principal and Surety § 18—**

A surety who has notice of proceedings for accounting as against the principal and an opportunity to appear and defend, but elects not to do so, but has the proceeding dismissed as to it, it is bound by the account stated and the judgment rendered against the principal.

**2. Limitation of Actions § 5—**

An action instituted against the surety in a guardianship bond is not barred when instituted within three years from the principal's failure to pay over upon demand the amount found to be due upon accounting.

**3. Guardian and Ward § 24—Relator in action against principal in guardianship bond need not attach copy of the bond to the complaint.**

In an action against the surety in a guardianship bond, instituted after failure of the principal to pay the amount found due upon accounting, plaintiff relator need not allege the conditions of the bond nor attach copy of the bond to the complaint, since the bond is of record and if its terms do not provide liability upon the breach alleged, our statutory provisions, which become a part thereof, do provide for such liability.

**4. Same—Accounts filed by guardian are only prima facie correct and are not binding on the ward or successor guardian.**

Allegations that the principal in a guardianship bond had failed to pay to the successor guardian the amount found to be due upon accounting for which judgment against the principal had been rendered in judicial proceedings in which defendant surety had full opportunity to appear and defend, sufficiently states a cause of action against the surety, the account filed by the principal in the bond being only *prima facie* correct and not binding upon the ward or the successor guardian.

**5. Guardian and Ward § 23—**

Sureties on successive bonds given by a guardian are jointly and severally liable for default of the guardian, and judgment may be taken against one before the cause is at issue against the other, plaintiff relator having no interest in the right of the sureties to contribution between themselves.

**6. Same—**

The fact that a successive guardianship bond is marked by someone "substitute bond" does not affect the rule of the joint and several liability of the sureties in the successive bonds to plaintiff relator upon default of the principal.

APPEAL by defendant American Surety Company from *Spears, J.,* at October Term, 1937, of NEW HANOVER. Affirmed.

This is a civil action instituted by the relator to recover of the defendant the penal sum of its guardianship bond to be discharged upon the payment of the amount adjudged to be due by the principal.

Hugh N. Pace qualified as guardian of plaintiff's ward in 1928, giving bond in the sum of $1,000, signed by Union Indemnity Company as surety. The said surety having become insolvent, the guardian, in July, 1933, gave a new bond in the sum of $1,000 with the defendant American Surety Company as surety thereon. This bond was marked "substitute bond." In January, 1935, the said guardian filed another bond in the sum of $1,500 with the defendant United States Fidelity & Guaranty Company as surety thereon. This bond was likewise marked "substitute bond."

Thereafter, on or about the first day of January, 1936, said Pace resigned as such guardian and the relator was appointed guardian of Ernest T. Waters 19 February, 1936.

The former guardian having failed to account to the relator for the estate in his hands belonging to the ward, the relator filed a petition before the clerk asking for an accounting by the said Pace. A copy of the petition and order of the clerk entered thereon was duly served upon each of the defendants. Each defendant thereupon entered a special appearance and moved to dismiss the proceeding as to them. The motion having been denied by the clerk, the defendants appealed and said motion was allowed in the Superior Court.

An account was duly stated and it was ascertained and adjudged that the former guardian was indebted to his former ward in the sum of $865.49, with interest from 1 January, 1937, together with the costs of the proceedings.

The said Pace having failed to account for and pay over to the relator the amount adjudged to be due, this action was instituted against the sureties upon his bonds. Time was granted the defendant United States Fidelity & Guaranty Company within which to file answer. At the October Term, 1937, the appealing defendant having filed answer and

the cause not being at issue as to the United States Fidelity & Guaranty Company, the plaintiff moved for judgment upon the pleadings.

After the court had announced its judgment, granting the motion for judgment upon the pleadings, but before the said judgment was actually signed, the appealing defendant filed a motion: (1) In the nature of a demurrer *ore tenus,* for that complaint does not state a cause of action; (2) for the submission of issues to the jury; (3) for a reference; (4) for an order adjudging that neither defendant is bound or estopped by the account stated between Pace as guardian and the relator when neither defendant was party to said suit for an accounting, or before the court, and (5) for a denial of the motion of relator for that it is irregular and improper for the court to take up and hear this proceeding by piecemeal, or until after the other defendant has filed its answer.

Judgment was duly rendered in favor of the plaintiff upon the pleadings and the American Surety Company excepted and appealed.

*E. K. Bryan for plaintiff, appellee.*
*John D. Bellamy & Sons for defendant, appellant.*

PER CURIAM. There is no valid defense set up in the defendant's answer. It was given notice of and, by the service of a copy of the petition and order, made party to the proceeding for an accounting. On its own motion said proceeding was dismissed as to this defendant. It had full knowledge of the proceedings and an opportunity to appear and defend. It elected not to do so. It cannot now complain that judgment was rendered against the principal in the bond, to which the principal did not except and from which he did not appeal.

The amount due by the former guardian having been duly ascertained, his failure to account for and pay over to the relator the amount adjudged to be due was a breach of the bond which is sufficiently alleged in the complaint. This breach occurred within three years next prior to the institution of this action. Defendant's plea of the statute of limitations is without merit.

The defendant complains that a copy of the bond is not attached to the complaint and the conditions thereof are not alleged, so that it does not appear what the conditions of the bond are. The bond was executed by the defendant and is of record. It has full knowledge of its contents. If the terms of the bond itself do not provide for liability upon the breach alleged, the provisions of our statutes in relation to guardianship bonds are by law written into the bond. It follows that the allegations of the complaint are sufficient to set out a cause of action.

The accounts filed by the former guardian are only *prima facie* correct and are not binding upon the ward or its successor guardian. It has been ascertained in a judicial proceeding in which this defendant had full opportunity to appear and defend that said accounts were not correct

and the amount actually due by the former ward has been ascertained and judgment thereon rendered against him. This is duly alleged in the complaint.

Where a guardian gives successive bonds with different sureties, the sureties are jointly and severally liable, and upon default of the guardian they are liable to contribution among themselves proportionate to the amount of their respective bonds. *Thornton v. Barbour,* 204 N. C., 583; *Adams v. Adams,* 212 N. C., 337. There was no petition by this defendant to be relieved from its bond and no order relieving said defendant or permitting the substitution of a new bond. The mere fact that the bond of the United States Fidelity & Guaranty Company was marked by someone "substitute bond" does not affect the rule which makes these defendants jointly and severally liable for the default of the principal in said bonds.

This defendant complains that judgment is rendered against it before the cause is at issue as against the other bondsman, and assigns as error the judgment of the court against this defendant before the United States Fidelity & Trust Company filed its answer. This assignment is without merit. While this defendant is entitled to contribution from the codefendant, and an accounting as between the two defendants may, on proper pleadings filed, be had in this action, there is no reason why the plaintiff should be delayed in the recovery of judgment against this defendant merely because it is delayed in procuring a judgment against the cosurety. The amount recovered, including interest and costs, exceeds the penal sum of this defendant's bond. For that reason we could hardly assume that the plaintiff will not also proceed against the other defendant in due time. He is not interested in the right of contribution as between the defendants and should not be delayed until that question is determined.

We have carefully examined the defendant's exceptive assignments of error and in none of them do we find any substantial merit. The judgment below is

Affirmed.