MORGAN *v.* MORGAN.

APPEAL by plaintiff from *Olive, Special Judge,* at October Term, 1938, of FORSYTH.  Affirmed.

This was a proceeding under the North Carolina Workmen's Compensation Act.  The plaintiff, a traveling salesman with certain territory in North Carolina, had gone to Natural Bridge, Virginia, for the week-end, using employer's automobile.  While there he conferred with a representative of Noland Company, without appointment or direction from employer, and principally concerning a matter of personal interest to the plaintiff.  On his return he sustained injury due to wrecking of his automobile.  The Industrial Commission found that his injury did not arise out of and in the course of his employment and denied compensation.  Upon appeal to the Superior Court this ruling was affirmed, and plaintiff appealed to the Supreme Court.

*H. H. Leake and Jno. C. Wallace for plaintiff.*
*Hutchins & Parker for defendants.*

---

E. A. MORGAN v. MARY JANE MORGAN ET AL.

(Filed 31 May, 1939.)

**Guardian and Ward § 25: Pleadings § 16—**

When the amounts due a ward are admitted or not controverted, the ward may maintain suit to follow the guardianship funds and to hold the bondsmen liable for any deficiency without making the personal representative of the insolvent deceased guardian a party, and defendants' demurrers for misjoinder of parties and causes for want of a necessary party are properly overruled.

APPEAL by defendants from *Bivens, J.,* at December Term, 1938, of MOORE.

Civil action to recover guardianship funds and to hold sureties liable for any deficiency.

Separate demurrers for alleged misjoinder of parties and causes of action were filed by the defendants.

From judgment overruling the demurrers, the defendants appeal, assigning errors.

*Mosley G. Boyette for plaintiff, appellee.*
*W. R. Clegg for defendant Morgan, appellant.*
*J. H. Scott for defendant J. R. Brewer, appellant.*

PER CURIAM. Absence of a *necessary* party may be taken advantage of by demurrer, *Geitner v. Jones,* 173 N. C., 591, 92 S. E., 493, but where amounts due are admitted or not controverted, the ward as against a demurrer for misjoinder of parties and causes may follow guardianship funds, *McNeill v. McBryde,* 112 N. C., 408, 16 S. E., 841, and hold bondsman liable for any deficiency, without making representative of insolvent deceased guardian party. *Humphrey v. Surety Co.,* 213 N. C., 651, 197 S. E., 137.

In case the amounts alleged to be due are controverted, see *Moses v. Moses,* 204 N. C., 657, 169 S. E., 273, and *McNeill v. Currie,* 117 N. C., 341, 23 S. E., 216.

The rulings upon the demurrers will be upheld.

Affirmed.