Civil action to recover guardianship funds and to hold sureties liable for any deficiency. *Page 726 
Separate demurrers for alleged misjoinder of parties and causes of action were filed by the defendants.
From judgment overruling the demurrers, the defendants appeal, assigning errors.
Absence of a necessary party may be taken advantage of by demurrer,Geitner v. Jones, 173 N.C. 591, 92 S.E. 493, but where amounts due are admitted or not controverted, the ward as against a demurrer for misjoinder of parties and causes may follow guardianship funds, McNeill v. McBryde,112 N.C. 408, 16 S.E. 841, and hold bondsman liable for any deficiency, without making representative of insolvent deceased guardian party.Humphrey v. Surety Co., 213 N.C. 651, 197 S.E. 137.
In case the amounts alleged to be due are controverted, see Moses v.Moses, 204 N.C. 657, 169 S.E. 273, and McNeill v. Currie, 117 N.C. 341,23 S.E. 216.
The rulings upon the demurrers will be upheld.
Affirmed.