TOWN OF CLAYTON AND STATE OF NORTH CAROLINA ON RELATION OF JOHN D. HENRY, v. N. CLYDE WALL, INDIVIDUALLY AND AS DELINQUENT TAX COLLECTOR OF TOWN OF CLAYTON, AND NATIONAL SURETY CORPORATION.

(Filed 10 April, 1940.)

1. Taxation § 34—

Ordinarily, the nonpayment of taxes is not a criminal offense, and if a delinquent tax collector arrests a person in order to enforce the payment of a delinquent tax, the tax collector is not acting under color of his office but is acting beyond his official authority and therefore in his individual capacity.

**2. Principal and Surety § 5a—**

The surety on a bond of a delinquent tax collector is not liable for an arrest made by the collector in order to force the payment of a delinquent tax, since such act of the tax collector is not done under color of his office and does not come within the condition of the bond that he should "well and truly perform all the duties of his said office."

**3. Same—**

The liability of the principal and surety on an official bond is to be determined by the language of the contract and cannot be enlarged beyond the scope of its definite terms, and the provision that the principal should "well and truly perform all the duties of his office" includes only acts done under *colore officii* and does not impose the obligation that the principal will commit no wrong nor do anything not authorized by law.

APPEAL by plaintiff from *Grady, Emergency Judge,* at January Term, 1940, of JOHNSTON.

*Winfield H. Lyon and A. M. Noble for plaintiff, appellant.*
*Abell & Shepard for corporate defendant, appellee.*

SCHENCK, J. This is an appeal by the plaintiff from judgment sustaining demurrer filed by the corporate defendant.

The complaint alleges that the individual defendant, N. Clyde Wall, was duly appointed by the governing body of the town of Clayton collector of delinquent taxes, and executed and filed his bond in the sum of one thousand dollars with the corporate defendant, the National Surety Corporation, as surety thereon; that said bond contained the following provision: "The condition of the foregoing obligation is such that if the said principal shall well and truly perform all the duties of his said office or position, and shall pay over and account for all funds coming into his hands by virtue of his said office or position as required by law, then this obligation shall be null and void, otherwise it shall be and remain in full force;" and further alleges that on 7 September, 1939, when said bond was in effect, the plaintiff was arrested by the individual defendant, without any warrant, on the public streets of Clayton in view of divers persons, and was unlawfully, wrongfully, purposely, willfully, wantonly and in a high-handed manner, restrained of his liberty, and forcibly made to accompany the individual defendant and the chief of police through the streets of Clayton to the city jail, and notwithstanding his pleas that he be released, the individual defendant wantonly and maliciously forced the plaintiff to enter one of the iron cells of the city jail, in which he was locked up, restrained of his liberty and confined, although he asked to know the cause of his detention and that he be given a prompt trial for any alleged offense, and that he be allowed to give bond; that the individual defendant failed and refused to state any

charge, or to show any warrant, or to allow any bond, or to have a speedy trial for any alleged offense; that later in the day of 7 September, 1939, the individual defendant informed the plaintiff that if he would promise to pay a stated amount from his pay checks received from the WPA projects he would be released and discharged; and "that while the plaintiff was confined in the said city jail and under the control and custody of the defendant herein, and while the said defendant was unlawfully and willfully exacting, demanding and coercing the plaintiff into paying an alleged debt, and in order to oppress, embarrass, coerce, extort and wrest from the plaintiff his salary to be earned and paid him in the future while working on WPA project, all of which is done by the said defendant, in order that he might collect a commission on taxes alleged to be due by the plaintiff; that the said defendant's conduct herein was not warranted by law, was done in a high-handed manner in violation of the duties and authorities conferred upon him and in violation of the duties of his said office and the terms of his bond, and thereupon he committed a breach of his bond."

The question presented for answer is: Does the complaint allege a breach of the condition of the bond, which reads: ".    .    .    that if the said principal shall well and truly perform all the duties of his office or position." The answer is in the negative.

It cannot be held, even by a most liberal construction, that "the duties of his office or position" as delinquent tax collector authorized or contemplated that the individual defendant would or could arrest and imprison anyone in order to coerce the payment of taxes alleged to be due. Ordinarily, the nonpayment of taxes is not a criminal offense, and if a tax collector arrests and imprisons a tax delinquent in an effort to enforce payment of a tax he is not acting *colore officii,* but acting beyond his official authority and therefore in his individual capacity.

The cases of *Kivett v. Young,* 106 N. C., 567; *Warren v. Boyd,* 120 N. C., 56; and *Price v. Honeycutt,* 216 N. C., 270, relied upon by the appellant, are distinguishable from the case at bar in that in each of those cases the acts complained of were performed under color of office. In the *Kivett case, supra,* it was one of the official duties of the defendant, as register of deeds, to properly register all instruments filed with him for registration and his failure to do so was held to be a breach of the provision of the bond to "at all times truly and faithfully discharge the duties of his office." In the *Warren case, supra,* the defendant was a constable and it was held that an allegation that he illegally and without authority of law arrested and imprisoned the plaintiff was an allegation of a breach of his bond which provided for the "faithful discharge of all the duties devolving upon him as constable and according to law," since the acts of the constable in making the arrest and imprisoning the

plaintiff were "done by said official by virtue and under color of his office." Code 1883 (C. S., 354). In the case of *Price v. Honeycutt, supra,* it was held that the demurrer by the surety should have been overruled, since the allegation was that injury to the plaintiff was caused by a malicious and brutal assault upon him made by the individual defendant while making an arrest as sheriff, when the bond contained the clause prescribed for the official bond of a sheriff by C. S., 3930, namely, "and in all other things well and truly and faithfully execute the said office of sheriff during his continuance therein." This for the reason that the act of the defendant in making an arrest was within the scope of his official duties as sheriff. C. S., 354.

In the case at bar the alleged arrest and imprisonment of the plaintiff by the individual defendant were not acts within the scope of his authority or duties as a delinquent tax collector, but were acts entirely foreign to and beyond even any apparent power or right vested in him as such tax collector, and were not contemplated by the corporate defendant, the surety, when it executed the bond.

The condition of the bond as written does not impose on the surety the obligation that the principal should do no wrong and should in all respects observe the law. The phrase "well and truly perform all the duties of his said office or position" obviously refers to the duties incumbent upon him as delinquent tax collector. The principal and his surety are liable under a contract expressed in definite terms and their liability cannot be carried beyond the fair meaning of those terms. The clause only binds the principal affirmatively to the faithful performance of the duties of his office or position and does not cover the case of an abuse or usurpation of power. There are no negative words that the principal will commit no wrong nor do anything unauthorized by law.

The judgment of the Superior Court is
Affirmed.