STATE OF NORTH CAROLINA ex rel SAM J. DUCKETT, Guardian Of MAUDE JOHNSON DUCKETT, Incompetent, v. JACK C. PETTEE; AETNA CASUALTY & SURETY COMPANY; MASTROM, INCORPORATED, t/d/b/a PROFESSIONAL MANAGEMENT and MI PROFESSIONAL MANAGEMENTS; J. B. SILER; THE STATE OF NORTH CAROLINA; and THE HARTFORD ACCIDENT & INDEMNITY COMPANY

No. 7930SC1147

(Filed 16 December 1980)

1. Guardian and Ward § 12— annual premiums paid on bond — one continuing bond

Where individual defendant as guardian of an incompetent and defendant insurance company as surety executed a bond which provided that if the principal, as guardian of the incompetent, should in all things "administer said estate according to law and faithfully execute the trust reposed in him as such and obey all lawful orders of the Clerk of Superior Court or other Court touching the administration of the estate committed to him," the obligation of the bond would be void, the bond was one continuing bond, regardless of the fact that annual renewal premiums were paid; the bond was to remain in force for whatever length of time defendant remained guardian; and defendant insurance company's maximum liability over the entire term of the guardianship was $6000, the face amount of the bond, rather than $42,000 awarded by the trial court, which was the face amount of the bond multiplied by the seven years defendant was guardian.

2. Guardian and Ward § 12— action to recover on bond — new guardian qualified — accrual of cause of action

Where the individual defendant was removed as guardian for an incompetent, and plaintiff was appointed as guardian on 23 May 1977 and duly qualified, plaintiff's cause of action against the former administrator for $147,000 due the incompetent and against the former administrator's surety accrued to plaintiff upon his qualification as guardian, and there was no merit to the surety's contention that recovery was limited to the amounts removed by the guardian during the three years prior to the date suit was brought, less any sums returned during that period.

APPEAL by defendant Aetna Casualty and Surety Company from *Ervin, Judge.* Judgment entered 6 July 1979, Superior Court, HAYWOOD County. Heard in the Court of Appeals in Waynesville, 26 August 1980.

Defendant Pettee qualified as Guardian for Maude Duckett, Incompetent, and filed his inventory reflecting $129,571.42 in various items and categories of personal property and $6,000 in real estate (as valued by the guardian). Defendant Aetna furnished Pettee's guardianship bond in the amount required by the clerk, defendant Siler, which was $6,000. The guardian paid annual premiums but the bond

was never increased. Defendant Mastrom, Incorporated, a company in which the defendant Pettee owned an interest, prepared annual accountings for defendant Pettee.

From the date of his appointment in 1968, to 1977, the date of his removal, defendant Pettee as guardian, from the funds of the incompetent, loaned to Thermal Belt Air Service, Inc., a corporation in which he owned a substantial interest, the total sum of $147,742.50 and guaranteed the notes given by Thermal. Each accounting prepared by Mastrom reflected these loans. Each year, the clerk accepted the accounting filed. Defendant Hartford carried the insurance on the clerk. The corporation, Thermal, could not pay the notes when due although some payments have been made resulting in a balance due of $126,000.

Plaintiff seeks to recover $6,000 from defendant Aetna.

Plaintiff seeks to recover $100,000 from defendant Hartford.

Plaintiff seeks to recover $126,000 from defendant Siler.

Plaintiff seeks to recover $126,000 from the State of North Carolina.

Plaintiff moved for summary judgment against the defendants, defendant Aetna moved for summary judgment against plaintiff. A hearing was had, and the court allowed partial summary judgment on 6 July 1979. Judgment was entered against defendant Pettee for $126,000 and against Aetna for $42,000. The court did not rule on the motion of defendant Aetna. Defendant Pettee did not appeal, and the case is still pending against the other defendants. Defendant Aetna appealed.

*Roberts, Cogburn and Williams, by Landon Roberts, for defendant appellant.*

*Roy H. Patton, Jr., and Long, McClure, Parker, Hunt and Trull, by Robert B. Long, Jr., for plaintiff appellees.*

MORRIS, Chief Judge

[1]    The first question raised by this appeal is whether the court erred in granting summary judgment against Aetna in the sum of $42,000 which is seven times the $6,000 face amount of the bond. Aetna contends that the bond was one continuing bond, regardless of the fact that annual renewal premiums were paid, and that Aetna's

maximum liability over the entire term of the guardianship was $6,000. We are constrained to agree.

The bond which was executed by Pettee as guardian and the Aetna as surety was as follows:

> KNOW ALL MEN BY THESE PRESENTS that we, Jack Pettee, Asheville, N. C., as Principal, and Aetna Casualty & Surety Company, as Surety, are held and firmly bound unto the State of North Carolina, in the sum of $6,000.00 Dollars to the payment whereof we bind ourselves and each of us, our heirs, executors and administrators, jointly and severally, firmly by these presents.

> THE CONDITION OF THIS OBLIGATION IS SUCH that if the above bounden Principal, Jack Pettee, Guardian, of Maude Johnson Duckett shall in all things administer said estate according to law and faithfully execute the trust resposed in him as such and obey all lawful orders of the Clerk of the Superior Court or other Court touching the administration of the estate committed to him, then this obligation to be void; otherwise to remain in full force and effect.

The bond was dated 17 April 1968 and duly executed by the guardian and surety before the Clerk of Superior Court.

As was said in *Henry v. Wall*, 217 N.C. 365, 368, 8 S.E. 2d 223, 224 (1940):

> The principal and his surety are liable under a contract expressed in definite terms and their liability cannot be carried beyond the fair meaning of those terms.

Necessarily, the determination of the question of the limits of liability of Aetna must depend upon the language of the contract. 17 *Couch on Insurance,* 2d § 68.46 (2d ed. 1967).

We find nothing in the language of the bond before us which would indicate any intent that the bond be anything other than continuous. The condition is that if the principal, as Guardian of Maude Duckett, "shall in all things *administer said estate* according to law and faithfully execute the trust reposed in him as such and obey all lawful orders of the Clerk of the Superior Court or other Court *touch-*

*ing the administration of the estate committed to him"*, the obligation of the bond would be void. Clearly the bond went to the entire administration of the estate, not to a single year of the administration and would be void only upon the guardian's faithful administration of the estate. It is clear that the bond was to remain in force as long as Pettee remained guardian - whether six months or six years.

We think this bond is identical in intended coverage to the one in *Indemnity Co. v. Hood,* 226 N.C. 706, 40 S.E. 2d 198 (1946). There the bond provided for the payment of any loss, not exceeding $10,000, which the employer might sustain by reason of defalcation of the named employee "while in any position in the continuous employ of the Employer". The bond was kept in force by the payment of annual premiums. The Court, through Justice Barnhill, said:

> The assumption of liability is not limited to one year or any other fixed term, to be extended or renewed upon the payment of a stipulated premium. *Woodfin v. Ins. Co.,* 51 N.C., 558; *Jacksonville v. Bryan,* 196 N.C., 721, 147 S.E., 12.

> It guarantees the payment of any loss, not exceeding $10,000, sustained by the bank through the dishonesty of Slayton *at any time during his continuous service as cashier,* "but before the Employer shall become aware of any default on the part of the Employee, and discovered before the expiration of three years from the termination of such employment or cancellation of this bond, whichever may first happen."

> This language is clear and unambiguous. Plaintiff agreed to reimburse the bank for losses incurred during the life of the bond through the default of Slayton to the extent of $10,000. It must be presumed the parties intended what the language used clearly expresses, *Kihlberg v. U.S.,* 97 U.S., 398, 24 L.Ed., 1106; 12 A.J., 752, and the contract must be construed to mean what on its face it purports to mean. *Hinton v. Vinson,* 180 N.C., 393, 104 S.E., 897; *McCain v. Ins. Co.,* 190 N.C., 549, 130 S.E., 186; *Wallace v. Bellamy,* 199 N.C., 759, 155 S.E., 856; *Jacksonville v. Bryan, supra; Thornton v. Barbour,* 204 N.C., 583, 169 S.E., 153; *Grocery Co. v. R.R.,* 215 N.C., 223, 1 S.E. (2d), 535; 12 A.J., 751.

226 N.C. at 710, 40 S.E. 2d at 201.

Other comparable fact situation cases appear to be in accord with the position we take here. *See annot.,* 7 A.L.R. 2d 946 (1949); *Montgomery Ward & Co. v. Fidelity & Deposit Co.,* 162F. 2d 264, (C.C.A. 7th Cir. 1947), (reh. den.) affirming as to this question, *Montgomery Ward & Co. v. Fidelity & Deposit Co.,* 65 F. Supp. 611, (N.D. Ill. 1946).

Plaintiff stressfully urges that the subsequent annual premiums paid were for additional bond coverage each year. The position of North Carolina on this question is set out by Justice Huskins in *Town of Scotland Neck v. Surety Company,* 301 N.C. 331, 337, 271 S.E. 2d 501, 504-05 (1980):

> Where a bond is for an indefinite period running from a given date, annual premiums do not create a series of yearly contracts. *Scranton Volunteer Fire Co. v. United States Fidelity & Guaranty Co.,* 450 F. 2d 775 (2d Cir. 1971); *Columbia Hospital v. United States Fidelity & Guaranty Co.,* 188 F. 2d 654 (D.C. Cir. 1951); *Brulatour v. Aetna Casualty and Surety Co.,* 80 F. 2d 834 (2d Cir. 1936). Paying annual premiums has no greater effect than to continue the existing contract. "By the general rule, a contract of fidelity guaranty insurance, although it may run indefinitely, runs for but a year at a time, and will not continue unless the premiums are paid. There is authority, however, that under a contract of fidelity guaranty insurance, by which, in consideration of an initial premium and subsequent annual ones, the insurer undertakes to indemnify the insured against loss, and which contains no provision for forfeiture or termination upon nonpayment, the payment of the annual premium is to be enforced as part of the consideration and not as a condition, and the obligation of the contract is therefore continuous and single, and a new assent or affirmative action is not necessary to keep it in force, even on a failure to pay an annual premium; rather, the contract runs until affirmative action is taken to avoid it." *Couch on Insurance* 2d § 30:9 (footnotes omitted).

*See also Montgomery Ward & Co. v. Fidelity & Deposit Co., supra.*

The evidence of the annual payment of premium is the *only* evidence in the Record before us which could be interpreted as evi-

dencing an intent that the bond be cumulative. This is not enough. The Clerk quite obviously did not require a sufficient bond to cover the guardian's speculations. Nevertheless, Aetna can be held liable for only one penalty — the amount for which it contracted in the bond dated 17 April 1968.

[2] In its answer Aetna pled the three-year statute of limitations G.S. 1-52(6) and also made this a basis for its motion for summary judgment or judgment on the pleadings. In the partial summary judgment in favor of plaintiff against Aetna filed 6 July 1979 from which this appeal is taken, the court concluded "that Plaintiff's action is not barred by any statute of limitations and that plaintiff is entitled to Judgment against said Defendants as a matter of law." This conclusion Aetna contends is error. We do not agree.

G.S. 1-52(6) provides an action must be brought "(6) Against the sureties of any executor, administrator, collector or guardian on the official bond of their principal; within three years after the breach thereof complained of."

But the case before us does not present the usual or ordinary set of facts. Here the incompetent could not bring suit. It is the duty of the guardian to bring suit, when necessary, to recover any money due his ward. G.S. 33-20, *Kuykendall v. Proctor,* 270 N.C. 510, 155 S.E. 2d 293 (1967). No one could expect that the guardian here would bring an action against himself to recover for his own defalcation. Nor could one reasonably expect that the ward should be charged with his failure to do so. Aetna's position that recovery is limited to the amounts removed by the guardian during the three years prior to the date the suit was brought, less any sums returned during that period, is untenable under the facts and circumstances of this case.

The guardian was removed on or about 9 May 1977, having filed his purported final account on 22 March 1977. At that time, the sum of $147,742.50 was not properly accounted for. Plaintiff was appointed as guardian on 23 May 1977 and duly qualified. We think the Court's statement in *Humphrey v. Surety Co.,* 213 N.C. 651, 197 S.E. 137 (1938), is applicable and controls here: "The amount due by the former guardian having been duly ascertained, his failure to account for and pay over to the relator the amount adjudged to be due was a breach of the bond which is sufficiently alleged in the complaint. This breach occurred within three years next prior to the institution of this action.

Duckett v. Pettee

Defendant's plea of the statute of limitations is without merit." 213 N.C. at 653, 197 S.E. at 138. *See also Dunn v. Dunn,* 206 N.C. 373, 173 S.E. 900 (1934), where Justice Connor, speaking for the Court, said:

> It is well settled as the law in this State that where an administrator, who has not fully administered the estate of his intestate, has died or has been removed from his office, an action may be maintained against his personal representative or against him, as the case may be, and the surety on his bond, to recover the amount due by him to the estate of his intestate, by one who has been duly appointed and has duly qualified as administration *d.b.n.* of his intestate. *Tulburt v. Hollar,* 102 N.C., 406, 9 S.E., 430. The failure to account for and to pay such amount is a breach of the statutory bond, C.S., 33.

> In such case, the cause of action accrues to the plaintiff upon his qualifications as administrator *d.b.n.* of the deceased, and arises as against both the former administrator and his surety upon a breach of his official bond. The action is, therefore, not barred as to the surety until the lapse of three years from the date of the qualification of the plaintiff as administrator *d.b.n.* of the deceased. C.S., 441(6).

206 N.C. at 374, 173 S.E. at 900-01.

Plaintiff's assignments of error Nos. 1 and 2, which are directed to the court's conclusion that the action is not barred by the statute of limitations, are overruled, and that portion of the judgment is affirmed.

That portion of the judgment of the trial tribunal which awards plaintiff a recovery of $42,000 against Aetna Casualty and Surety Company is reversed, and the matter is remanded for entry of judgment in accordance with this opinion.

Reversed in part, affirmed in part and remanded.

Judges CLARK and MARTIN (Harry C.) concur.