IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

_____

No. 13-1179

_____

**FILED**

**October 2, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,
Defendant Below, Petitioner

v.

FRANKLIN W. JAMES, JR.,
Plaintiff Below, Respondent

_____

Certified Question from the Circuit Court of Berkeley County
The Honorable Christopher C. Wilkes, Judge
Civil Action No. 13-C-4

CERTIFIED QUESTION ANSWERED

_____

Submitted: September 10, 2014
Filed:  October 2, 2014

William W. Booker, Esq.
Thomas H. Ewing, Esq.
Erin J. Webb, Esq.
Kay Casto & Chaney PLLC
Charleston, West Virginia
Attorneys for the Petitioner

Andrew C. Skinner, Esq.
Skinner Law Firm
Charles Town, West Virginia
and
Daniel F. Hedges, Esq.
Daniel T. Lattanzi, Esq.
Mountain State Justice, Inc.
Charleston, West Virginia
Attorneys for the Respondent

Archibald Wallace, III, Esq.
Thomas J. Moran, Esq.
WallacePledger, PLLC

Richmond, Virginia
Attorneys for Amicus Curiae
The Surety & Fidelity Association of
America

JUSTICE BENJAMIN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.     "The appellate standard of review of questions of law answered and certified by a circuit court is *de novo*." Syl. pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

2.     "The surety on a judgment bond is conclusively bound by a default judgment entered against its principal, even when the surety did not have notice of the prior suit against the principal, so long as the judgment is the type of judgment contemplated by the bond and the surety cannot establish collusion or fraud." Syl. pt. 2, *Hartford Fire Ins. Co. v. Curtis*, 231 W. Va. 596, 748 S.E.2d 662 (2013).

3.     "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. pt. 3, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962).

4.     An aggrieved party may not maintain an action solely against a surety on a judgment bond made pursuant to W. Va. Code § 31-17-4(e)(3) (2010) absent a judgment against the bond principal unless the specific bond language provides that a judgment against the principal shall not be required to maintain an action on the bond if the principal is no longer in operation or has filed for bankruptcy.

i

Benjamin, Justice:

In this case, this Court answers the following question certified by the

Circuit Court of Berkeley County[1]:

> May a plaintiff maintain an action solely against the surety on a judgment bond made pursuant to W. Va. Code § 31-17-4 without a judgment against the principal on the bond, when the principle has filed bankruptcy, and a judgment against the principal is precluded due to a Chapter 11 Plan confirmation?

The circuit court answered the certified question as follows:

> YES, the statutory purpose of the bond is to protect consumers against insolvent lenders, *see*, W. Va. Code § 31-17-4, and the public policy of this State should not allow the bankruptcy of insolvent lender to shield a surety on these bonds from liability for the principal's actions.

For the reasons that follow, we determine that the circuit court's answer is incorrect, and

this Court answers the certified question in the negative.[2]

## I.    FACTS

---

[1] In its petition, the petitioner invites this Court to amend the certification order "to more accurately reflect the facts of this case." We decline this invitation and find that the question as certified fully addresses the law at issue.

[2] This Court acknowledges the appearance of Amicus Curiae, The Surety & Fidelity Association of America, which describes itself as a trade association of companies licensed to write fidelity and surety bonds. We express our appreciation for the participation of Amicus Curiae, and we have considered its position in our decision in this case.

In 2008, Respondent Franklin W. James, Jr. obtained a home mortgage loan from Taylor, Bean & Whitaker Mortgage Corporation ("TBW") in order to purchase real estate. As a mortgage lender, TBW was required to obtain a mortgage lender bond pursuant to the West Virginia Residential Mortgage Lender, Broker and Servicer Act, W. Va. Code §§ 31-17-1, *et seq.* TBW obtained a bond from defendant below and petitioner herein Fidelity and Deposit Company of Maryland ("Fidelity").

TBW filed for bankruptcy under Chapter 11 of the United States Code in 2009. In 2011, the Chapter 11 plan, which discharges TBW's liability for all claims arising before the confirmation date, was confirmed.

In January 2013, Respondent James filed a complaint naming Petitioner Fidelity as a defendant solely as surety for TBW.[3] By the time the respondent filed his suit, TBW was bankrupt and judgment proof based on the Chapter 11 confirmation order.[4] The complaint states several claims for relief including: (1) Breach of Fiduciary Duty, (2) Unconscionable Inducement, (3) Illegal Loan, and (4) Forced-Placed Insurance. The petitioner filed a motion to dismiss in which it argued that the bond conditions have

---

[3] The respondent also named as defendants in his complaint the broker, servicer, and current holder of the loan. These parties are not before this Court on this certified question.

[4] There was a general notice of publication of TBW's bankruptcy filing which was reasonably calculated to reach all unknown creditors. The parties disagree whether the respondent actually discovered the factual basis for his claim before the confirmation of the bankruptcy plan.

not been satisfied because the respondent had not obtained a judgment against the bond principal, TBW. The circuit court found that this matter is appropriate for a certified question to this Court.

### III.      STANDARD OF REVIEW

The instant issue is before this Court on a certified question from the circuit court. Our law is settled that "[t]he appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*" Syl. pt. 1, *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W. Va. 172, 475 S.E.2d 172 (1996).

### III.    DISCUSSION

The bond at issue is a mandatory bond under the West Virginia Residential Mortgage Lender, Broker and Servicer Act, W. Va. Code §§ 31-17-1 *et seq.*[5] The bond is

---

[5] Specifically, W. Va. Code § 31-17-4(e)(3) (2010)  provides in relevant part:

> (e) At the time of making application for a lender's license, the applicant therefor shall . . . (3) File with the commissioner a bond in favor of the state for the benefit of consumers or for a claim by the commissioner for an unpaid civil administrative penalty or an unpaid examination invoice in the amount of $100,000 for licensees with West Virginia annual loan originations of $0 to $3 million, $150,000 for West Virginia annual loan originations greater than $3 million and up to $10 million, and $250,000 for West Virginia annual loan originations over $10 million in a form and with conditions as the commissioner may prescribe and executed by a surety company authorized to do business in this state: Provided, That lender licensees who service West Virginia mortgage loans shall file with the commissioner a

in the form prescribed by the West Virginia Commissioner of Banking pursuant to W. Va. Code § 31-17-4(e)(3) (stating that the bond shall be "in a form and with conditions as the commissioner may prescribe"). The relevant language of the bond provides:

> That we, TAYLOR, BEAN & WHITAKER MORTGAGE CORP., as principal, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation, as surety, are held and firmly bound unto The State of West Virginia, in the just and full sum of One Hundred Thousand Dollars ($100,000), to the payment whereof, well and truly to be made, we bind ourselves, our personal representatives, successors and assigns, jointly and severally, firmly by these presents.
>
> THE CONDITION OF THE ABOVE OBLIGATION IS SUCH THAT, WHEREAS, the above bound principal, in pursuance of the provisions of Article 17, Chapter 31, of the Code of West Virginia, as amended, (hereinafter the "Act") has obtained, or is about to obtain, from the Commissioner of Banking of the State of West Virginia, a license to conduct a Mortgage Lender business.
>
> NOW, THEREFORE, if the said principal TAYLOR, BEAN & WHITAKER CORP. shall conform to and abide by the provisions of said Act and of all rules and orders lawfully made or issued by the Commissioner of Banking thereunder, and shall pay to the State and shall pay to any such person or persons properly designated by the State any and all moneys that may become due or owing to the State or to such person or persons from said obligor in a suit brought by the Commissioner on their behalf under and by virtue of the provisions of said Act, then this obligation shall be void, otherwise it shall remain in full force and effect. If any person shall be aggrieved by the misconduct of the principal, he may *upon recovering judgment against such principal* issue execution of such judgment and maintain an action upon the bond of the principal in any court having jurisdiction of the

> bond under the same conditions listed above in the amount of $200,000[.]

4

amount claimed, provided the Commissioner of Banking assents thereto.[6]

(Emphasis and footnote added). The issue before us is whether the respondent can maintain an action against the petitioner as surety on the bond despite the fact that the respondent did not obtain a judgment against the principal. This Court finds that our recent opinion in *Hartford Fire Ins. Co. v. Curtis*, 231 W. Va. 596, 748 S.E.2d 662 (2013), is the controlling authority on this issue.

*Curtis* involved mortgagors who added the mortgagee's surety as a party defendant in order to require the surety to pay a default judgment that the mortgagors had obtained against the mortgagee. The primary issue in *Curtis* was whether the surety on the bonds in that case were required to pay default judgments rendered against its principals when the surety was not provided notice of the claims against the principals until after the default judgments were rendered.

The bonds at issue in *Curtis* were in the exact same form and contained identical language to the bond at issue in the instant case. This Court determined that the bonds in *Curtis* were judgment bonds. Significantly, we defined a judgment bond as "a

---

[6] According to the parties, the Commissioner of Banking amended the language of the bond form in 2012 by adding an exception to the requirement that an aggrieved party obtain a judgment against the principal before maintaining an action on the bond. The amended language provides that "a judgment against the principal shall not be required to maintain an action on this bond if the principal is no longer in operation or has filed for bankruptcy." This amended language is not included in the bond at issue and is not relevant to our decision herein.

bond in which the surety agrees to be liable for a judgment based on a specific statutory violation covered by the bond." *Curtis*, 231 W. Va. at 603, 748 S.E.2d at 669 (citation and internal quotations omitted). Our determination in *Curtis* that the bonds at issue were judgment bonds was based on the specific language of the bonds and the principle that "[t]he liability of the surety is measured by the terms of his contract." *Id.* at 602, 748 S.E.2d at 668, *quoting State ex rel. Duckett v. Pettee*, 273 S.E.2d 317, 319 (N.C. Ct. App. 1980). We then noted that the bonds specifically provided that an aggrieved person "may *upon recovering judgement* [sic] *against such principal* issue execution of such judgement [sic] and maintain an action upon the bond of the principal[.]" *Id.* at 604, 748 S.E.2d at 670, quoting the bond language in that case (italics in original). We further explained:

> the language of the [surety] bonds grants an aggrieved person who has obtained a judgment against the principal the right to execute said judgment through an action upon the bond. Reading this plain language in light of the definition of a judgment bond quoted above, it is clear that the [surety] bonds are judgment bonds. The foregoing bond language plainly demonstrates that [the surety] has agree[d] to be liable for a judgment based on a specific statutory violation covered by the bond, *i.e.*, a violation of the West Virginia Mortgage Lender, Broker[] and Servicer Act.

*Id.* (citation and internal quotations omitted). Having determined in *Curtis* that the surety bonds were judgment bonds, and because the mortgagors in that case had obtained default judgments against the principals, we determined that the surety on the bonds was required to pay the default judgments rendered against the principals. Therefore, we held in syllabus point 2 of *Curtis* that

> [t]he surety on a judgment bond is conclusively bound by a default judgment entered against its principal, even when the surety did not have notice of the prior suit against the principal, so long as the judgment is the type of judgment contemplated by the bond and the surety cannot establish collusion or fraud.

The bonds in *Curtis* were in the same form and contained the same language as the bond in the instant case. We found in *Curtis* that the bond language requires a judgment against the principal before an action can be brought on the bond against the surety. Our application of this finding to the instant facts compels us to conclude that the bond in the instant case requires the respondent to obtain a judgment against TBW as a condition to maintaining an action on the bond against the petitioner. Because the respondent has not done so, he is foreclosed from bringing an action on the bond solely against the petitioner as surety.

The respondent asserts that a judgment should not be required against the principal in the instant case as a condition precedent to maintaining an action on the bond due to the fact that the principal is judgment proof as the result of bankruptcy. We disagree. Pursuant to W. Va. Code § 31-17-4(e)(3) (2010), the Commissioner of Banking has discretion to prescribe the form and conditions of the judgment bond. In the bond at issue, the Commissioner indicated that a judgment against the bond principal is a requirement to maintaining an action upon the bond, and the Commissioner did not

7

provide any exceptions to this requirement for instances where the principal is bankrupt.[7]
As this Court noted in *Curtis*, the liability of a surety is measured by the terms of its contract. Also, under our law "[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syl. pt. 3, *Cotiga Dev. Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962). The language of the bond at issue is clear and unambiguous, and this Court will not alter the language by adding an exception to the requirement of a judgment against the principal before maintaining an action on the bond.

Accordingly, this Court now holds that an aggrieved party may not maintain an action solely against a surety on a judgment bond made pursuant to W. Va. Code § 31-17-4(e)(3) (2010) absent a judgment against the bond principal unless the specific bond language provides that a judgment against the principal shall not be required to maintain an action on the bond if the principal is no longer in operation or has filed for bankruptcy. Here, the bond language in the bond at issue expressly requires a judgment as a prerequisite to the maintenance of an action solely against the surety. Absent such a judgment, the respondent's action may not proceed.

---

[7] *Supra* n. 6.

# IV.    CONCLUSION

In sum, this Court finds, based on our decision in *Curtis*, that the bond at issue is a judgment bond and that the unambiguous bond language requires an aggrieved party to obtain a judgment against the principal before maintaining an action against the surety on the bond. Therefore, we answer the certified question as follows:

> May a plaintiff maintain an action solely against the surety on a judgment bond made pursuant to W. Va. Code § 31-17-4 without a judgment against the principal on the bond, when the principal has filed bankruptcy, and a judgment against the principal is precluded due to a Chapter 11 Plan confirmation?

Answer:     No.

Certified question answered.