*C. E. Roop,* contra.

---

7426.  CHATHAM REAL ESTATE & IMPROVEMENT CO.
*v.* UNITED STATES FIDELITY & GUARANTY CO.

Where a surety company executed a bond "for the period from January 1st, 1905, to January 1st, 1906," to reimburse an employer for loss from fraud or dishonesty on the part of a certain employee when "committed during the continuance of this bond or any renewal thereof, and discovered during said continuance or within six months thereafter, or within six months from the death or dismissal or retirement of the employee from the service of the said employer," and the company thereafter issued for each successive year until 1912 a certificate entitled "continuation certificate," the last of which certificates is identical in form with the others, except as to date, and states that the surety company "hereby continues in force" the original bond, "for the period beginning 1st day of January, 1911, and ending on the 1st day of January, 1912, subject to all the covenants and conditions of said original bond heretofore issued, dating from the 1st day of January, 1905," and where loss of the kind referred to in the bond occurred in the years 1907 and 1909, but was not discovered by the employer until after the employee's death, which occurred on June 28, 1911, the effect of the "continuation certificates" was to continue the bond in force as to that loss, although the bond contained a provision as follows:  "The company, upon the execution of this bond, shall not thereafter be responsible to the employer under any bond previously issued to the employer on behalf of said employee; and upon the issuance of any bond

subsequent thereto upon said employee in favor of said employer, all responsibility hereunder shall cease and determine, it being mutually understood that it is the intention of this provision that but one (the last) bond shall be in force at one time unless otherwise stipulated between the employer and the company."

DECIDED SEPTEMBER 21, 1916.

Action on bond; from city court of Savannah—Judge Rourke presiding. March 18, 1916.

*Lawton & Cunningham,* for plaintiff, cited: U. S. Fidelity & Guaranty Co. *v.* Citizens Bank, 147 Ky. 285 (143 S. W. 997); U. S. Fidelity & Guaranty Co. *v.* Shepherds' Home Lodge, 163 Ky. 706 (174 S. W. 487); Fidelity & Deposit Co. *v.* Champion Ice Mfg. Co., 133 Ky. 74 (117 S. W. 393); Sherman *v.* Harbin, 124 Iowa, 643 (100 N. W. 629); First Nat. Bank *v.* U. S. Fidelity & Guaranty Co., 110 Tenn. 10 (75 S. W. 1076); *John Church Co. v. Ætna Indemnity Co.,* 13 *Ga. App.* 826, 829, 835; (cases distinguished) Proctor Coal Co. *v.* U. S. Fidelity & Guaranty Co., 124 Fed. 424, 428; DeJernette *v.* Fidelity & Deposit Co., 98 Ky. 558 (33 S. W. 828); Florida Central &c. R. Co. *v.* American Surety Co., 99 Fed. 674.

*Hitch & Denmark,* for defendant, cited: *Mayor &c. of Brunswick* v. *Harvey,* 114 *Ga.* 733; DeJernette *v.* Fidelity & Casualty Co., supra; Proctor Coal Co. *v.* U. S. Fidelity & Guaranty Co., supra; U. S. Fidelity & Guaranty Co. *v.* Williams, 96 Miss. 10 (49 So. 742); 4 Elliott on Contracts, sec. 3551 (10); 1 Cooley's Briefs on Insurance, 851 (d); 34 Cyc. 1331; (cases distinguished) U. S. Fidelity & Guaranty Co. *v.* Citizens Bank, supra; U. S. Fidelity & Guaranty Co. *v.* Shepherds' Home Lodge, supra.

HODGES, J. The exception in this case is to a judgment sustaining a demurrer to the plaintiff's petition as amended. The bond sued on was executed by the surety company on January 9, 1905, and the petition alleges that it "ran for a period from January 1st, 1905, to January 1st, 1906, and was regularly renewed each year, the last renewal being for the period from January 1st, 1911, to January 1st, 1912." By the terms of the bond the surety company, subject to provisions and conditions contained therein, obligated itself to make good to the plaintiff company all loss sustained by the company of monies, securities, or other personal properties in the possession of one Garden, its secretary and treasurer, or for the possession of which he was responsible,

by any act of fraud or dishonesty on the part of said employee in the discharge of the duties of his office or position, amounting to larceny or embezzlement, "and which shall have been committed during the continuance of this bond or any renewal thereof, and discovered during said continuance or within six months thereafter, or within six months from the death or dismissal or retirement of the employee from the service of the said employer." The bond contained a provision reading as follows: "The company, upon the execution of this bond, shall not thereafter be responsible to the employer under any bond previously issued to the employer on behalf of said employee; and upon the issuance of any bond subsequent thereto upon said employee in favor of said employer, all responsibility hereunder shall cease and determine, it being mutually understood that it is the intention of this provision that but one (the last) bond shall be in force at one time unless otherwise stipulated between the employer and the company." A copy of an agreement which the plaintiff in its original petition refers to as the "last renewal" of the bond was attached to the petition, as follows: "Continuation Certificate.—In consideration of the sum of thirty-five dollars, the United States Fidelity & Guaranty Company hereby continues in force Bond No. 1052-5 in the sum of ten thousand dollars on behalf of F. W. Garden in favor of Chatham R. E. & Imp. Co., for the period beginning the first day of January, 1911, and ending on first day of January, 1912, subject to all the covenants and conditions of said original bond heretofore issued, dating from the first day of January, 1905."

All of the defalcations of the officer occurred during the years 1907 and 1909; but none of them were discovered by the plaintiff company until after Garden's death, which occurred on June 28, 1911. The acts of default occurring during the year 1907 were covered by the renewal bond running for the period from January 1, 1907, to January 1, 1908; and those which occurred during the year 1909 were covered by the renewal bond running from January 1, 1909, to January 1, 1910. The shortages alleged in the petition and in the amendments were not discovered during the continuance of these two renewal bonds or within six months after they expired. The defendant contended that each renewal of the original bond constituted a separate and distinct contract; that

each renewal was a new bond, containing all the provisions and conditions of the original bond, and extending over a period of only one year.

The "continuation certificate," with the original bond, made a complete and continuous contract until January 1, 1912, and any shortage occurring within that period should be cared for by the surety company, under the terms of the original bond and the certificate. In the case of *Mayor and Council of Brunswick* v. *Harvey*, 114 *Ga.* 733 (40 S. E. 754), it was held that where a suit was brought upon such a bond and the allegations of the petition clearly showed that the action was "predicated upon the original bond only, an amendment seeking to recover upon two other bonds, given subsequently for a like amount and purpose and adopting by reference the terms of the original bond, was not allowable, although the petition alleged that the bond sued on had been renewed from time to time. The renewals being separate and distinct contracts, the amendment sought to add a new and distinct cause of action." "Where in such bond it was stipulated that the liability of the company should be limited to such losses as should occur during the continuance of the bond or any renewal thereof and be 'discovered during said continuance or within six months thereafter or within six months from the death or dismissal or retirement' of the treasurer from the service of the city, and that upon the issuance by the company of any subsequent bond guaranteeing the fidelity of the treasurer the liability under the original bond should cease and determine, so that no two bonds should be operative at the same time, the company is not liable under the original bond for any loss not discovered until more than six months after the expiration of such bond, although such loss was discovered within six months from the dismissal of the employee and during the continuance of one of the subsequent bonds." Upon this authority our learned brother of the trial court, doubtless, based his ruling. But that case is distinguishable from this case. In that case the suit was brought upon the original bond, and it was attempted, by the proposed amendment, to set up liability upon other bonds. The bonds issued in that case were limitations upon the liability of the company. In this case the "continuation certificate" was an extension of liability, to end at a given date, adopting the original bond as a part of the "continua-

tion certificate," subject to all the covenants and conditions of the original bond. "When a bond guaranteeing the fidelity of an employee as to a specific duty, and not issued for a definite term, is renewed by the payment of ·a premium to 'continue in force' the contract, there is still only one contract and one penalty; and receipts for premiums in renewal serve only to extend to a new period of time the indemnity provided by the original· bond." *John Church Co.* v. *Ætna Indemnity Co.,* 13 *Ga. App.* 826 (80 S. E. 1093). The distinction is clear. This suit was brought upon the original bond and the "continuation certificate." The court erred in dismissing the case on demurrer. There was no bar of limitation under the law. Civil Code, § 2490; *Great American Co-operative Fire Association* v. *Jenkins,* 11 *Ga. App.* 784 (76 S. E. 159). The judgment is          *Reversed.*