TOWN OF JACKSONVILLE v. J. W. BRYAN AND THE UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 13 March, 1929.)

**1. Insurance—Guaranty and Indemnity Insurance—Bonds of Municipal Officers or Agents—Extent of Liability.**

A bond indemnifying against loss arising from the defalcation of its collecting agents, naming a limit of its liability and providing for a renewal upon the payment of another premium, and providing that the liability shall not exceed that named in the policy originally issued, whether the loss shall occur during the term named or any continuances, by its express terms excludes a liability for losses occurring during the original and renewal periods beyond the amount stated in the policy originally issued. *S. v. Martin,* 188 N. C., 119, cited and distinguished.

46—196

**2. Insurance—Contract—Reformation—Fraud—Mutual Mistakes.**

Where an indemnity bond expressly excludes liability beyond a certain amount, it cannot be maintained that it was misleading to the insured in the absence of mutual mistake or fraud.

STACY, C. J., not sitting.

APPEAL by plaintiff from *Grady, J.,* at December Special Term, 1928, of ONSLOW. Affirmed.

*John D. Warlick and Varser, Lawrence, Proctor & McIntyre for plaintiff.*
*Summersill & Summersill and D. L. Ward for defendants.*

CLARKSON, J. This is a civil action brought by plaintiff to recover on bonds given by J. W. Bryan, as principal, and United States Fidelity and Guaranty Company as surety, to the town of Jacksonville. J. W. Bryan was water-rent collector and tax collector for plaintiff. He entered upon his duties 1 January, 1925, and gave two bonds 1 October, 1925. One bond was for $1,000 as water-rent collector, and the other was for $5,000 as tax collector, his surety in both bonds being United States Fidelity and Guaranty Company. This appeal presents a controversy alone over the $1,000 water-rent collector bond. In the water-rent collector bond we find the following: United States Fidelity and Guaranty Company "(1) hereby agrees that it shall reimburse the employer (the plaintiff) for any pecuniary loss sustained, not exceeding one thousand dollars ($1,000) of money, securities, merchandise or any property occasioned by any act or acts of larceny or embezzlement by the employee (J. W. Bryan) in the performance of the duties of the position as aforementioned, during the period commencing from 1 October, 1925, to 1 October, 1926, subject to the conditions expressed in this bond, which shall be conditions precedent to the right of the employer to recover hereunder. . . . (2) *This bond may be continued from year to year by the payment of the annual premium to the surety and the issuance by the surety of its continuation certificate, provided that the liability of the surety shall not exceed the amount above written, whether the loss shall occur during the term above named, or during any continuation thereof, or partly during said term and partly during said continuation."* (Italics ours.)

The judgment of the court below was: "That the plaintiff have and recover of the defendant, J. W. Bryan, the sum of $1,814.10 with interest thereon from 1 October, 1926, and the further sum of $876.34, with interest thereon from 1 October, 1927; and that the plaintiff recover of the defendant, United States Fidelity and Guaranty Com-

pany the sum of one thousand dollars, the penalty of the bond issued by it to cover water rents collected by its codefendant, which amount, when paid, shall be credited on the above amounts adjudged to be due the plaintiff by said J. W. Bryan."

The water-rent bond for $1,000 was given 1 October, 1925, for one year ending 1 October, 1926, and then continued by the issuance of the "continuation certificate" for one year ending 1 October, 1927.

The sole question presented upon the record is whether the bond for water rents can be construed as securing the plaintiff to the extent of $1,000 each year of the defendant Bryan's incumbency. Plaintiff contends that said surety liability is $2,000, instead of $1,000, as held by the court below. Each year the defendant Surety Company received from the plaintiff the annual premium without abatement and issued its continuation certificate.

*S. v. Martin,* 188 N. C., 119, is not an authority in the present action. In that case the payment of premium and the language of the bond, and the statute requiring a bond for each term, was construed as a new bond given for each term. Each bond was liable for the defalcation that occurred in each term. It is there said: "Each term, like every tub of Macklinian allusion, 'must stand on its own bottom.'" Here the language of the bond clearly limits the liability to $1,000. Plaintiff earnestly contends it was misled especially when it paid a like premium for a continuation certificate. No doubt plaintiff took it for granted that each year it had a $1,000 protection. But we must abide by the written words. *Supply Co. v. Plumbing Co.,* 195 N. C., 629.

Speaking to the subject in *Colt v. Kimball,* 190 N. C., at p. 173, citing numerous authorities, it is said: "Having executed the contract, and no fraud appearing in the procurement of the execution, the court is without power to relieve the defendant on the ground that he thought it contained provisions which it does not. He is concluded thereby to the same extent as if he had known what due diligence would have informed him of, to wit, its plain provisions." *Cromwell v. Logan, ante,* 588; *Mich. Mortgage-Investment Corp. v. Amer. Em. Ins. Co.* (October, 1928), 244 Mich., 72, 221 N. W., 140. See cases pro and con in the main opinion and dissent. *Bank v. Guaranty Co.,* 110 Tenn., 10, 75 S. W., 1076. See note in 42 A. L. R., p. 834 *et seq.*

It may not be amiss to say that from the many cases that reach this Court, similar to the present, those who make contracts like the one in controversy—officials and others—should read them with care. This Court cannot write, but must construe contracts as written. Relief can only be granted in a case like this for mutual mistake or fraud. An interesting article can be found in the Michigan Law Review (February,

1928), p. 442, entitled "Fidelity Bonds—Does it pay to renew them?" It criticises severely a bond like the present as "heads I win tails you lose." It suggests a relief by the companies themselves or *legislative action.* The judgment below is

Affirmed.

STACY, C. J., not sitting.