REIDSVILLE GROCERY COMPANY, INCORPORATED, v. SOUTHERN RAILWAY COMPANY.

(Filed 8 March, 1939.)

1. Contracts § 8—

   When a contract is not ambiguous, the meaning of its terms must be ascertained from the writing itself, and inferences from extraneous facts may not be considered in aid of its interpretation.

**2. Same—**

A contract must be considered contextually as a whole without technical distinction or arbitrary preference between any of its clauses because of their historical significance or the order in which they come in the instrument.

**3. Railroads § 2—Conveyance held to grant right of way, unrestricted as to its use, with right to relocate same to service grantor's land.**

The conveyance in question, by proper interpretation of its terms, *is held* to grant a right of way for a spur track over the lands of the grantor, unrestricted as to its use, with further provision that the railroad company might relocate and extend the track on the lands of the grantor when found necessary to facilitate service to the grantor's enterprises or other industries located on the lands owned by the grantor, and the grantor's contention that the right of way granted was limited to the use thereof for servicing enterprises and industries located on his land, and that the railroad company's use of the spur track across grantor's lands to service industries not located on the lands constituted an additional burden and a trespass on the lands, is untenable.

**4. Injunctions § 6a—Application for injunctive relief against alleged trespass held properly denied under the facts of this case.**

Where defendant's use of the right of way granted by plaintiff is within the provisions of the contract of conveyance granting the easement, and there is no allegation that the easement was negligently used nor that in its use defendant maliciously damaged plaintiff's property, plaintiff's application for injunctive relief is properly denied.

DEVIN, J., dissenting.

CLARKSON and SCHENCK, JJ., concur in dissent.

APPEAL by plaintiff from *Clement, J.,* at November Term, 1938, of ROCKINGHAM. Affirmed.

The plaintiff brought this action to restrain the defendant from acts of trespass on certain premises belonging to plaintiff in the city of Reidsville, and to recover damages for the trespass.

Plaintiff complains in substance that the defendant, in pursuance of a written agreement, built a "spur track" on plaintiff's lot, for the purpose of serving plaintiff's business, with the permission to shift or extend the tracks upon said lands only for the purpose of serving other industries thereupon; that defendant recently extended this track into adjacent property belonging to the Standard Oil Company, which was never a part of the described lands, and has been serving the Oil Company through and over the above mentioned track across plaintiff's lot. A part of the Oil Company's distribution plant is located on a portion of the property contained in the original description, which had been sold to the Oil Company by plaintiff.

Plaintiff complains that the use of the track across its lot for the purposes mentioned is not authorized by the contract, is an attempted

taking of its property without compensation, and has put an additional servitude on the land never intended by the parties to the agreement. It is alleged that the defendant, in serving the Oil Company, has constantly used engines and cars of a heavier type than that necessary to serve plaintiff, with much heavier and more frequent traffic; that on account of the nearness of plaintiff's warehouse and offices to defendant's track the ordinary business of plaintiff is frequently interrupted; that the heavy traffic and jar of the earth near the walls of plaintiff's building causes a vibration which greatly injures the structure; that arising out of plaintiff's alleged trespass there have been other injuries to plaintiff's building; and that defendant threatens to continue the extension of its tracks into the adjacent property of the Oil Company and serve the latter by operating trains over plaintiff's property on the right-of-way described in the conveyance. The prayer is for an order restraining defendant from further acts of the nature described, constituting the alleged trespass.

The map accompanying the pleadings and taken in connection therewith shows that the defendant has constructed its tracks entirely across the premises of the plaintiff to the property line, and further immediate extension in that direction would be across the property owned by the Oil Company which had never been a part of the original tract described in the conveyance.

The defendant admits its use of the tracks described for service of the Oil Company and its intention to continue such service and to extend its tracks further into the Oil Company's property, if necessary, to facilitate such use of its tracks already built.

The defendant demurred to plaintiff's cause of action, and from the order sustaining the demurrer, the plaintiff appealed.

*D. F. Mayberry for plaintiff, appellant.*
*J. C. Brown and W. T. Joyner for defendant, appellee.*

SEAWELL, J. Where the terms of an instrument are unambiguous its meaning must be gotten from the writing itself. *Town of Jacksonville v. Bryan,* 196 N. C., 721, 147 S. E., 12; *McCain v. Ins. Co.,* 190 N. C., 549, 551, 130 S. E., 186. The right-of-way conveyance involved in this controversy does not seem to have that ambiguity that would justify us in entertaining inferences drawn from extraneous facts in aid of its interpretation.

While the conveyance must be considered as a whole, all of its clauses contextually, without technical distinction or arbitrary preference of any of them because of the order in which they come in the instrument,

or their historical significance (*Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79, 16 Am. Jur., p. 533-535), still, so considered, we cannot find that the grant of right-of-way across plaintiff's land is so modified· by the further provisions of the instrument as to restrict its use to the service of plaintiff's enterprises or of industries located on the land described. Plaintiff's contention to that effect is based on the italicized portion of the following excerpt from the conveyance, which is here given with its context:

"Reidsville Grocery Company . . . in consideration of one dollar . . . paid by the Railway Company . . . does convey unto the Railway Company a right-of-way 15 feet in width . . . over and ·upon the land . . . for an industrial spur track . . . which will spring from the passing track of· the Railway Company . . . at a point on said passing track 562 feet north of mile post 263 and will extend thence, in a southeasterly direction, for a distance of 353 feet, more or less, of which 196 feet will be upon the right-of-way of the Railway Company for its said main track; 71 feet, more or less, upon and along East Market Street, and 86 feet, more or less, upon the said land of the party of the first part, *together with such additional right-of-way over and upon the said land . . . as may be necessary . . . for the purpose of shifting and relocating said industrial spur track or constructing, maintaining and operating branches or extensions thereof to serve with shipping facilities industries located upon said lands. . . .*"

We can interpret this only as a conveyance ·of the right-of-way, unrestricted as to its use, across· the lands described, with the additional privilege of shifting the location of the tracks or extension of the line on said land when found necessary to facilitate service to plaintiff's enterprises or other industries located thereon. If there was any understanding to the contrary when the contract was made, it did not find adequate expression in the written instrument; and, as stated in *McCain v. Ins. Co., supra.* "The contract is what the parties agreed and not what either party thought." Whatever restriction there is as to the use of the tracks on plaintiff's premises is confined to the relocation of defendant's tracks, or extension thereof, as a further encroachment on the premises.

It follows that the acts of which plaintiff complains are not trespasses and cannot be legally restrained.

Since the damage to plaintiff's property which is alleged to have occurred is made to depend entirely on the theory of trespass, growing out of a supposed want of authority in the conveyance to use the right-of-way .for the purposes indicated, and no allegation is made of any

negligent use of the right-of-way or operation of trains, or of malicious or wanton destruction of the plaintiff's property, or any actionable cause other than the described trespass, such damage, as far as this action is concerned, must be regarded as *damnum absque injuria*.

The judgment is

Affirmed.

DEVIN, J., dissenting: I find myself unable to agree with the conclusion reached in this case. In my opinion the motion for judgment of nonsuit should have been denied.

"Upon a motion as of nonsuit, all the evidence which makes for the plaintiff's claim and tends to support his cause of action is to be considered in its most favorable light for plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom." *Owens v. Lumber Co.*, 210 N. C., 504, 187 S. E., 804.

Applying this principle to the evidence here, I think the case should have been submitted to the jury. The contract between the parties conveyed to defendant a right of way over plaintiff's land for a spur track to plaintiff's place of business, together with right to construct and operate extensions of said track "to serve with shipping facilities industries located on said (plaintiff's) land." There was evidence tending to show that defendant has imposed an additional servitude upon plaintiff's land by the increased and frequent use of locomotives and cars upon said spur track alongside plaintiff's wholesale grocery establishment, to plaintiff's substantial injury, in order to supply shipping facilities to industries located upon other lands than those of the plaintiff.

CLARKSON and SCHENCK, JJ., concur in this opinion.