HARTFORD ACCIDENT & INDEMNITY COMPANY, A CORPORATION, V. GURNEY P. HOOD, RECEIVER OF THE BANK OF DRAPER.

(Filed 20 November, 1946.)

**1. Principal and Surety § 4—**

The provision of G. S., 53-90, requiring officers and employees of a bank to give bond in an amount required by the directors and upon such form as may be approved by the commissioner of banks, is the only statutory provision which becomes a part of the bond.

**2. Principal and Agent § 6b—**

Where a bond guaranteeing the payment of any loss sustained through the dishonesty of a bank official while "in the continuous employment of a bank" after a specified date, is kept in force for a period of years by the payment of the stipulated annual premium, recovery on the bond is limited to the maximum liability therein stipulated for losses occurring during the life of the bond, and the contention that the surety is liable for defalcations to the amount of the penal sum of the bond for each of the years during which the bond is kept in force, is untenable, *Hood, Comr. of Banks, v. Simpson,* 206 N. C., 748, cited and distinguished.

**3. Contracts § 8—**

Where the language of a contract is clear and unambiguous, effect must be given to its terms, and the court under the guise of construction, cannot delete any provision or insert any provision which is not written into the contract in fact or by implication of law.

APPEAL by defendant from *Harris, J.,* at March Term, 1946, of WAKE. Affirmed.

Proceedings under the Declaratory Judgment Act, G. S., Chap. 1, Art. 26, to judicially determine the controversy existing between plaintiff and defendant as to the total liability of plaintiff on its fidelity bond issued to the Bank of Draper, assuring the faithful performance of his duties by O. L. Slayton, its cashier.

The Bank of Draper was a banking institution organized in 1920. It did business as such until 3 February, 1942, when it was found to be insolvent, and defendant Commissioner of Banks assumed control as statutory receiver.

Its by-laws, adopted in 1920, provide that the cashier shall be elected annually and shall hold office at the will of the board of directors, and that "he shall be required to give a bond, payable to the bank, in the sum of $10,000.00, for the faithful performance of his duties."

O. L. Slayton assumed the duties of cashier in September, 1925, and was elected cashier at the annual meeting in 1926. He served in that position continuously thereafter until the bank was closed. A fidelity bond, not here involved, was provided until 1929. On 10 July, 1929, plaintiff issued and delivered to the bank its bond, the material part of which is as follows:

"Know all men by these presents, That the HARTFORD ACCIDENT AND INDEMNITY COMPANY as Surety (hereinafter called Surety), does hereby agree to pay unto THE BANK OF DRAPER, Draper, North Carolina (hereinafter called Employer), within ninety days after presentation of proof of loss, as hereinafter provided, the amount of any loss, not exceeding TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS, which the Employer may sustain in respect of any moneys, funds, securities or other personal property of the Employer, or for which the Employer may be responsible, through any act of fraud, dishonesty, larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction or misapplication, or any other dishonest or criminal act or omission committed by OFUS LEE SLAYTON (hereinafter called the Employee), acting alone or in collusion with others, while in any position in the continuous employ of the Employer, after 12 o'clock noon of the Fifteenth day of July, 1929, but before the Employer shall become aware of any default on the part of the Employee, and discovered before the expiration of three years from the termination of such employment or cancellation of this bond, whichever may first happen.

"Provided, However, and upon the following express conditions . . .

"THIRD—That this bond may be cancelled by the Employer upon giving written notice to the Surety, or by the Surety upon giving thirty days' notice to the Employer, the unearned premium to be refunded by the Surety upon demand in writing; provided, however, that if claim be made hereunder, the premium so refunded shall be repaid to the Surety."

This bond is in the identical form approved by the Commissioner of Banks (formerly Corporation Commission). It was kept in force by the payment of the stipulated annual premium until the closing of the bank in February, 1942.

At each annual meeting of the board of directors subsequent to the issuance of the bond, except 1932, O. L. Slayton was elected cashier. No action requiring bond or stipulating the penal sum thereof was taken at any of these meetings. In 1935, 1937, 1939, and 1941 the bond of the cashier was approved. It is admitted that this action had reference to the bond issued in 1929.

INDEMNITY CO. *v.* HOOD.

After the bank closed it was discovered that the cashier was "short" in the sum of $297,735.51. The periods of time during which the peculations or abstractions which caused this shortage occurred, as to $289,-549.91, have been ascertained and are as follows:

|  | Total | Amount Claimed |
|---|---|---|
| July 15, 1931 to July 14, 1932............\$ | 60.00 | $ 60.00 |
| July 15, 1932 to July 14, 1933............. | 2,597.78 | 2,597.78 |
| July 15, 1933 to July 14, 1934............ | 13,461.85 | 10,000.00 |
| July 15, 1934 to July 14, 1935............ | 2,121.57 | 2,121.57 |
| July 15, 1935 to July 14, 1936............ | 6,951.83 | 6,951.83 |
| July 15, 1936 to July 14, 1937............ | 20,409.28 | 10,000.00 |
| July 15, 1937 to July 14, 1938............ | 13,264.89 | 10,000.00 |
| July 15, 1938 to July 14, 1939............ | 53,028.73 | 10,000.00 |
| July 15, 1939 to July 14, 1940............ | 26,106.57 | 10,000.00 |
| July 15, 1940 to July 14, 1941............ | 61,406.95 | 10,000.00 |
| July 15, 1941 to Jan. 27, 1942............ | 90,140.46 | 10,000.00 |
|  | $289,549.91 | $81,731.18 |

Of the amount misappropriated $8,185.60 has not been apportioned to any specific period.

The defendant filed claim for $81,731.18 on the theory that each renewal of the bond constituted a new bond and insured the payment of defalcations during each succeeding year to the extent of the penal sum of the bond. Thereupon the plaintiff, admitting the defalcations and offering to pay $10,000, the penal sum of its bond, instituted this action to have its rights, status, and liability under the bond judicially determined.

When the cause came on for hearing the parties waived trial by jury and agreed that the court should hear the evidence, find the facts, "and adjudicate the controversy, without the intervention of a jury." After hearing the evidence offered the court found the facts in detail and adjudged:

"(a) That the defendant is not entitled to recover against the plaintiff or upon said bond, Exhibit B, anything in excess of the $10,000 tendered by plaintiff;

"(b) That any action or claim by defendant in excess of the $10,000 tendered is barred by the three year statute of limitations and defendant is also estopped by its conduct to assert the same;

"(c) That defendant have judgment herein against the plaintiff for said sum of $10,000 as tendered and that upon the payment of said sum into the office of the Clerk of this court the defendant within ten days

thereafter be and it is hereby required to deliver up to plaintiff said bond for cancellation as prayed in the complaint;

"(d) That plaintiff recover of defendant its costs herein to be taxed by the Clerk."

Defendant, having excepted to certain findings of fact and to the judgment entered, appealed.

*A. J. Fletcher, F. T. Dupree, Jr., and Ehringhaus & Ehringhaus for plaintiff, appellee.*

*Bailey, Holding, Lassiter & Langston and Price & Osborne for defendant, appellant, James M. Kane, Washington, D. C., and John L. Cecil, Chicago, Ill., of counsel for appellant.*

BARNHILL, J.   The primary issue between plaintiff and defendant is clearly drawn.   The plaintiff contends that its bond is for a single penalty of $10,000 which is the limit of the recovery which may be had against it for any and all defalcations occurring during the life of the bond, to wit, from 15 July, 1929, to 3 February, 1942.   The defendant contends that the original bond assured against defalcation during the succeeding year and each renewal constitutes a new bond, so that he is entitled to recover losses arising out of the defalcation of the cashier during each bond year, not to exceed $10,000 for any one year.   If plaintiff's contention is sustained, defendant is entitled to judgment in the sum of $10,000.   On the other hand, if the defendant's construction of the contract is adopted he is entitled to judgment in the amount of $81,731.18, unless he is estopped by the conduct of the bank or is barred in whole or in part by the statute of limitations.

G. S., 53-90, provides that active officers and employees of a bank, before entering upon their duties, shall give bond to the bank in a bonding company authorized to do business in North Carolina in the amount required by the directors and upon such form as may be approved by the commissioner of banks.   Both the commissioner of banks and the directors are authorized to require an increase of the amount of such bond whenever they may deem it necessary.

This is the only provision of our statutes which must be deemed to be incorporated in the contract.   *Hutchins v. Durham,* 118 N. C., 457, 32 L. R. A., 706; *Graves v. Howard,* 159 N. C., 594, 75 S. E., 998, Ann. Cas. 1914C, 565; *Steele v. Ins. Co.,* 196 N. C., 408, 145 S. E., 787, 61 A. L. R., 821; *Monger v. Lutterloh,* 195 N. C., 274, 142 S. E., 12; *Bank v. Bank,* 262 U. S., 649, 67 L. Ed., 1157, 30 A. L. R., 635; 12 A. J., 769.

The bond furnished by plaintiff is in the exact form prescribed by the commissioner of banks and is in the amount required by the by-laws of

the bank, under which the directors operated. Neither they nor the commissioner of banks ever demanded or required any additional bond or any increase in the amount. Instead the directors on four separate occasions approved the bond as filed.

The assumption of liability is not limited to one year or any other fixed term, to be extended or renewed upon the payment of a stipulated premium. *Woodfin v. Ins. Co.,* 51 N. C., 558; *Jacksonville v. Bryan,* 196 N. C., 721, 147 S. E., 12. It guarantees the payment of any loss, not exceeding $10,000, sustained by the bank through the dishonesty of Slayton *at any time during his continuous service as cashier,* "but before the Employer shall become aware of any default on the part of the Employèe, and discovered before the expiration of three years from the termination of such employment or cancellation of this bond, whichever may first happen."

This language is clear and unambiguous. Plaintiff agreed to reimburse the bank for losses incurred during the life of the bond through the default of Slayton to the extent of $10,000. It must be presumed the parties intended what the language used clearly expresses, *Kihlberg v. U. S.,* 97 U. S., 398, 24 L. Ed., 1106; 12 A. J., 752, and the contract must be construed to mean what on its face it purports to mean. *Hinton v. Vinson,* 180 N. C., 393, 104 S. E., 897; *McCain v. Ins. Co.,* 190 N. C., 549, 130 S. E., 186; *Wallace v. Bellamy,* 199 N. C., 759, 155 S. E., 856; *Jacksonville v. Bryan, supra; Thornton v. Barbour,* 204 N. C., 583, 169 S. E., 153; *Grocery Co. v. R. R.,* 215 N. C., 223, 1 S. E. (2d), 535; 12 A. J., 751.

The Court, under the guise of construction, cannot reject what the parties inserted, *Schneider v. Turner,* 130 Ill., 28, 22 N. E., 497, or insert what the parties elected to omit. *Hayes v. O'Brien,* 149 Ill., 403, 37 N. E., 73. It has no power to write into the contract any provision that is not there in fact or by implication of law. *Cook v. Smith,* 3 A. L. R., 940; *Hawkeye Commercial Men's Asso. v. Christy,* 294 Fed., 208, 40 A. L. R., 46; 12 A. J., 749.

Our conclusion that defendant's recovery may not extend beyond the one penalty stipulated in the contract is sustained by former decisions of this Court, *Jacksonville v. Bryan, supra; Thornton v. Barbour, supra,* and is in harmony with the great weight of authority. Anno. 42 A. L. R., 834; *Bank of England, Ark., v. Md. Cas. Co.,* 293 Fed., 783; *Chatham Real Est. & I. Co. v. U. S. F. & G. Co.,* 90 S. E., 88; *State ex rel. Freeling v. Casualty Co.,* 42 A. L. R., 829; *Bank v. Fidelity & D. Co.,* 45 A. L. R., 610; *Leonard v. Aetna Casualty & Surety Co.,* 80 F. 2d, 205; *Brulatour v. Aetna Casualty & Surety Co.,* 80 F. 2d, 834; *Bank & Tr. Co. v. F. & D. Co.,* 281 S. W., 785; *Hack v. Surety Co.,* 96 F. 2d, 939.

While there are decisions *contra,* cited by defendant, they are, in most instances, factually distinguishable.

*Hood, Comr. of Banks, v. Simpson,* 206 N. C., 748, 175 S. E., 193, cited and relied on by defendant, is not in conflict. While the facts in that case are in many respects similar, as clearly outlined in defendant's brief, there are material factual distinctions. Furthermore, in that case there were two bonds in the penal sum of $10,000 each. Notwithstanding the loss was in excess of $20,000, it was stipulated that if the court was of the opinion the two contracts constituted separate bonds, cumulative in effect, plaintiff should recover an amount equal to the total of the penal sums of the two. The court below held that there were two separate contracts imposing cumulative liability and entered judgment for $20,000 as agreed by the parties. We affirmed.

In the light of our conclusion as to the nature of the contract at issue the questions of estoppel and of the bar of the statute of limitations raised by plaintiff become immaterial and need not be discussed.

The one arresting circumstance in this record which "sticks out like a sore thumb" is the fact that the cashier of a small bank could abstract from the funds of his employer an amount equal to approximately twelve times the capital stock of the bank before his peculations were discovered. Wherever the fault may lie, the plaintiff must make good the losses thus sustained by the bank to the extent of the penal sum of its bond only.

The judgment below is
Affirmed.