State Officers — Faithful Performance Bonds — Renewal Although a specific statute may require cumulative liability and thus a completely new bond each year, generally, where any State official or employee is authorized or required to give a bond, such bond upon its expiration may be renewed by a renewal or continuation certificate, but the liability under such renewal or continuation certificate is limited to the amount of the original bond and is not cumulative by the terms of said certificate. The Attorney General is in receipt of your letter dated March 18, 1968, requesting an opinion on the following matter: In the course of audits of certain State boards, agencies and commissions, the State Examiner and Inspector has had occasion to examine official bonds executed for the faithful performance of their duties of certain State officers and employees. Such examination disclosed that some employees of said State agencies or boards have been under one bond for as long a period as fifteen years, but the said bond has been continued from year to year by a so-called renewal or continuation certificate. Most of the continuation certificates contain a clause as follows or substantially in such language: "This continuation is executed upon the express condition that the Company's liability under said bond and this and all continuations thereof shall not be cumulative and shall in no event exceed in the aggregate the largest single amount named in the bond, the endorsement attached thereto, or any continuation certificate." You ask: Where any State officer or employee is authorized or required to give a bond, may such bond upon its expiration be renewed if a renewal or continuation certificate is given in lieu of bond, which contains the express condition that the company's liability under such certificate shall not be cumulative and shall in no event exceed in the aggregate the largest single amount named in the bond? It is well settled that a renewal or continuation certificate is not offered "in lieu" of the original bond but instead revives the original bond. In Southern Surety Co. v. Equitable Surety Co., 84 Okl. 23,202 P. 295, the Oklahoma Supreme Court cited Chatham Real Estate Improvement Co. v. United States Fidelity 
Guaranty Co., Ga., 90 S.E. 88, with approval, "The defendant contends that each renewal of the original bond constituted a separate and district contract; that each renewal was a new bond containing all the provisions and conditions of the original bond, and extending over a period of only one year. The `continuation certificate,' with the original bond, made a complete and continuous contract until January 1, 1912, and any shortage occurring within that period should be cared for by the surety company, under the terms of the original bond and the certificate." Southern Surety Co., v. Equitable Surety Co., supra, also quoted extensively from Green v. United States Fidelity Guaranty Co., Tenn., 185 S.W. 726, holding: "In some senses the renewal effected by the continuation certificate is a new or `separate' contract. This it may be without being `independent.' It is requisite that the minds of the original parties meet again in assent to the extension of the contractual relation over the new period; and it depends upon the payment of a distinct consideration. But those facts have not been deemed sufficient to make the payment of two penalties obligatory as upon distinct contracts. Neither, in our opinion, do they give occasion, necessarily, to the obligations being treated as independent in the matter of fixing the period for discovery in order to liability. The original bond incorporates terms that project it forward to cover the renewal period, without separating the periods for discovery purposes. The reason, in our view, is the purpose on the part of the company to hold the indemnified person to persistence as a patron. In another field of insurance a cumulative feature appears: frequently in accident insurance the recoverable sum is made to be an augmenting quantity from year to year, for quite a period, provided the policy is kept renewed by the payments of continuation premiums." It is true, however, that liability under the insurance contract is limited to the original amount and is not cumulative. The original amount of the initial bond being renewed is the maximum protection the State receives during the life of the bond. This point, as well as the point previously cited, is emphasized in the Oklahoma Supreme Court case of State ex reL Freeling, Attorney General, v. New Amsterdam Casualty Co., 110 Okl. 23, 42 A.L.R. 829, 236 P. 603. The court refers to Walker on Fidelity Bonds: "It is now well settled that where a fidelity bond is issued for one year or other stated period, and is thereafter periodically renewed or continued in force by the issuance of certificates which specifically refer to and adopt the terms of the original instrument, and where that instrument provides that the total liability of the surety shall not exceed the penal sum named therein, and where there are defaults occurring during the original terms and also during one or more renewal terms or during more than one renewal term, in such case the liability of the surety is limited to the penalty of the original bond. The mere statement of the proposition would seem to be sufficient to indicate the rule by which the surety's liability is to be gauged but a determined effort has been made, in a number of cases, to treat each renewal certificate as an independent contract, and to hold the surety for loss under the original bond, and under the renewals where loss occurred for such respective losses up to the penalty of the bond, and of each certificate. . . . The rule is, however, as above indicated, that the surety is only liable for the penalty of his bond." And the court concluded: ". . . that there was only one contract in this case; and that the bond sued upon cannot be construed to make the surety company liable for more than the amount named therein." Thus, we, too, must conclude that where a state officer or employee renews a bond by renewal or continuation certificate the State will only recover the amount endorsed on the original bond. It is noted that statutes requiring bonds of various public officials and employees may vary and the language of said statute may be explicit in directing new and cumulative liability by the official or employee each year. But, as a general rule, the statutes seem only to require given amount. A typical statute requiring an official bond is that covering the Attorney General, 74 O.S. 18a [74-18a] (1961), which reads: "Before the Attorney General enters upon the duties of his office, he shall execute the constitutional oath of office and execute to the State a corporate surety bond in the sum of Three Thousand ($3,000.00) Dollars, to be approved by the Governor, conditioned for the faithful performance of his duties as Attorney General, which bond and oath shall be filed in the office of the Secretary of State. The premiums on such bond shall be paid by the State of Oklahoma." The statute under which many agencies require their employees to be bonded is 74 O.S. 593 [74-593] (1961), and reads; "State officers, boards and commissions, subject to the approval of the State Budget Director, shall require bonds of any persons they appoint or employ, when deemed necessary to protect the State against loss or misapplication of public funds. Unless otherwise provided by law, each such bond shall be by a surety company licensed to do business in Oklahoma, shall be made payable to the State of Oklahoma, shall be conditioned that the person making the bond will faithfully perform the duties of his position, shall be in such amount as may be fixed by the State officer, board or commission requiring the bond, and upon a breach thereof shall be sued upon in the name of the State of Oklahoma by the Attorney General when the same is called to his attention; and the premium thereon shall be paid from funds appropriated or available for the operation of the office of the State officer, or of the board or commission, requiring the bond, or for the operation of the office of the State officer, or of the board or commission, requiring the bond, or for the operation of the institution, if any, where or for which the person making the bond is employed." You will note that neither of these statutes require coverage to be cumulative and the later statute allows the amount to be set by an agency head for his employees. There appears nothing implicit or explicit from the language of this type of statute requiring the coverage to be cumulative. This is not to say that the Legislature could not so provide, but in statutes in the substantial form of those cited above, such is not the case. Therefore, it is the opinion of the Attorney General that your question should be answered as follows: Although a specific statute may require cumulative liability and thus a completely new bond each year, generally, where any State official or employee is authorized or required to give a bond, such bond upon its expiration may be renewed by a renewal or continuation certificate, but the liability under such renewal or continuation certificate is limited to the amount, or the original bond and is not cumulative by the terms of said certificate. (Sam Hellman)