BYRNES, Judge.
This is an appeal from a judgment awarding custody of a minor child to the child’s father. The appellant, the child’s mother appearing herein in-proper-person, contends that this judgment improperly violates her rights as a parent and deprives her of a “major life activity”. We affirm the judgment of the trial court.
After fourteen years of marriage Charles and Jeanne Leche physically separated. They obtained a judgment of separation on August 3,1983 providing that the provisional custody of their only child, Ke-rin, then three years old, be awarded to Mrs. Leche. A final divorce decree was signed on April 25, 1984. This judgment, signed by both parties and the court, was silent as to custody of the minor child, but provided for the payment of alimony and child support by the father. From this we conclude that it was clearly the intent of both parties, at that time, that custody remain with the mother.
On October 24, 1986 appellee filed a rule for a psychological evaluation of appellant and for custody of his minor child, Kerin, alleging a change in appellant’s mental state. More specifically, it was alleged that appellant suffered from paranoia and that she refused to seek psychiatric treatment as recommended by a psychiatrist she consulted. On December 17, 1986 the rule was heard by the court and it ordered appellant to see Dr. Christopher D. Meyers for the purpose of psychological evaluation. The court continued the custody matter for six weeks pending Dr. Meyers’ findings. The Court further ordered that if appellant was to be hospitalized and/or if Dr. Meyers recommended that Mr. Leche be given custody of the child during appellant’s treatment, then Mr. Leche would be given physical possession of his daughter. This judgment was signed by counsel for each party.
This matter finally came to trial on May 13, 1987. After hearing the testimony of Dr. Meyers and both parties to the action the court granted judgment in favor of appellee and awarded limited visitation pri-viledges to appellant pursuant to the recommendation of Dr. Meyers. This appeal by Mrs. Leche followed.
The law of this state is well settled regarding the standard to be applied in all child custody cases:
“The principle consideration in every child custody case is the best interest and welfare of the child.
♦ * * * * *
“In performing its function of deciding custody cases, the trial court is vested with a vast amount of discretion. On appellate review, great deference must be accorded to the decision of the trial court, not only because of that court’s better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
******
“[T]his court’s function is not to substitute its collective decision for that of the trial court, but to review the decision for error of law.”
Bagents v. Bagents, 419 So.2d 460, 462 (La.1982). (See also, Aldrich v. Aldrich, 505 So.2d 116 (La.App. 4th Cir.1987).
In the case at bar, Mrs. Leche testified describing her bizarre behavior. Appellant’s dillusions ranged from the relatively harmless belief that her ex-husband was a candidate for the presidency to more serious ones where she stated that she often heard voices speaking only to her and emanating from her daughter’s body. In fact, many of appellant’s “beliefs” directly involved her daughter. The record also reflects that despite several contempt convictions, appellant has continually violated the court’s orders in her attempts to contact her daughter. The record reflects that contrary to a recent order she has tracked down her daughter as far away as Tennessee, disrupted the child’s school and camp *567 activities, and caused the child much confusion and distress.
The court also heard the testimony of Dr. Christopher D. Meyers a board certified psychiatrist with expertise in the area of paranoid psychosis and paranoid schizophrenia. Dr. Meyers testified that he examined appellant on several occasions between 1984 and 1986. As early as March, 1985 Dr. Meyers recommended that Mrs. Leche be hospitalized for further evaluation and that she be placed on medication to help manage her condition. Appellant ignored Dr. Meyers’ recommendations and refused to take the medication and/or to be hospitalized. The record reflects further, that appellant has consistently denied that she has any problem. Mrs. Leche stopped seeing Dr. Meyers in May 1985 until the court ordered her to once again consult him in December 1986. Following the December examination Dr. Meyers concluded that appellant’s condition had worsened considerably, advancing from paranoid psychosis to paranoid schizophrenia. Meyers stated that appellant’s condition may not interfere with the physical care of her daughter; however, at six years of age appellant’s daughter was not able to comprehend her mother’s paranoid behavior particularly regarding delusions that involved the child. Thus, the record supports the conclusions that appellant’s condition would clearly have an adverse affect on the child’s psychological and emotional well-being.
Accordingly, we conclude that the trial testimony clearly supports the findings of the trial court. It is in the best interest of the minor child to be in the sole custody of her father. The Judgment of the trial court is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.